UNITED STATES of America, Plaintiff,

v.

MISCELLANEOUS PORNOGRAPHIC MAGAZINES, etc., Defendant.

YOURSTYLE PUBLISHERS, INC., Plaintiff,

v.

Donald T. REGAN, et al., Defendants.

UNITED STATES of America, Plaintiff,

v.

VARIOUS ARTICLES OF MERCHANDISE, SCHEDULE # 125, Defendant.

Nos. 80 C 3593, 80 C 5753 and 80 C 5566.

United States District Court, N. D. Illinois, E. D.

Feb. 11, 1982.

Supplemental Memorandum Opinion June 11, 1982.

See also 526 F.Supp. 460.

Joseph Schuman, Foss, Schuman & Drake, Chicago, Ill., for plaintiff YourStyle Publishers, Inc.

Joan B. Gotschall, Kenneth A. Kroot, Chicago, Ill., for Amicus Curiae Chicago Lawyers' Committee for Civil Rights Under Law.

Robert T. Grueneberg, Patrice M. Scully, Asst. U. S. Attys., Chicago, Ill., for the United States.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

On October 13, 1981 this Court rendered its memorandum opinion and order (the "Opinion," 526 F.Supp. 460) in these three consolidated actions involving allegedly pornographic materials seized in 1980 by the United States Customs Service. After the government had reported on its compliance with Section 2 of the Opinion[1] the Court entered final judgment in the three actions. On November 16, 1981 YourStyle moved under 28 U.S.C. § 2412 ("Section 2412") for an award of attorneys' fees and expenses in addition to costs.[2] For the reasons stated in this memorandum opinion and order YourStyle's motion could be granted only in part if at all, but further briefing by the parties is required in any event.

YourStyle invokes each of two subsections of Section 2412 permitting attorneys' fee awards to the "prevailing party" in any litigation with the government. Section 2412(b) provides:

The United States shall be liable for such fees and expenses to the same extent that

---

**1.** In its report the government advised it had adopted and would in the future adhere to the Court's directive in Section 2.

**2.** Though Section 2412 only became effective October 1, 1981, it was made applicable to litigation pending on that date.

any other party would be liable under common law or under the terms of any statute which specifically provides for such an award.

Section 2412(d)(1)(A) provides for an award in any non-tort action:

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Because the latter provision poses the somewhat easier legal problems it will be dealt with first in this opinion.

Under Section 2412(d) the Court must first determine that the government's adversary is the "prevailing party." Then fees are to be awarded unless the limiting language quoted in the preceding paragraph of this opinion applies. YourStyle cannot succeed on the latter ground.

■ Analysis of the Opinion discloses that YourStyle could be found the "prevailing party" only in the limited sense discussed later in this opinion. But in any case the Court cannot find in good conscience that the other statutory condition has been satisfied. As H.R.Rep.No.96–1418, reprinted in [1980] U.S.Code Cong. & Ad. News 4984, 4989, 4990 (hereafter cited "Report at 2989, 4990") put it:

Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.... The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing. Furthermore, the Government should not

be held liable where "special circumstances would make an award unjust." This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

Again a reading of the Opinion makes plain that the United States has met the test that insulates it from liability for fees. Its position in the litigation was certainly "substantially justified." [3] Section 2412(d) thus brings YourStyle to a dead end.

As for Section 2412(b), its opaque language has led the parties to opposite conclusions. In part it was intended to apply the "American Rule"—with its limited exceptions—to the federal government as a losing litigant. Report at 4987, 4996. In that respect neither the "bad faith" or any other recognized exception to the American Rule can even arguably apply here.[4] According to the United States that should be the end of the matter.

However the government's construction of the new enactment as embracing only the "American Rule" (a common-law rule) would effectively read critical language out of the statute. Section 2412(b) also makes the government liable where another party would be liable "under the terms of any statute which specifically provides for such an award." On that score Report at 4996 reads:

The United States would also be liable under the same standards which govern awards against other parties under Federal statutory exceptions, unless the statute expressly provides otherwise. This

---

**3.** Section 2412(d)(1)(C) also permits a court to reduce any award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." This Court's disposition of the Section 2412(d) claim makes it unnecessary to consider whether that subsection would call for substantial reduction of the award against a party that, like YourStyle, has

lost on most of the grounds it advanced in support of its claims.

**4.** YourStyle argues that the "common benefit" exception to the American Rule entitles it to fees, citing *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Both that citation and the exception itself are wholly inapt in this case.

subsection clarifies the liability of the United States under such statutes as the Civil Rights Attorney's Fees Awards Act of 1976, as well.

After pointing to that legislative history YourStyle is guilty of just as simplistic an approach as the government. It argues (R. Br. 4):

If fees cannot be covered under Section 1988 [42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976] in this case, it is hard to tell what sort of "clarification" has occurred.

But the issue is not that easy. Section 1988 provides a discretionary allowance of fees to a prevailing party under a number of statutes, including relevantly Sections 1981 to 1986 (except for 1984) of Title 42. If we indulge the effective incorporation concept that seems to be implicit in Section 2412(b), the United States might readily be a losing defendant in actions that partook of the nature of Section 1981, 1982, 1985 or 1986 and thereby be subject to assessment of fees under Section 2412(b). Section 1983 however poses a more difficult question of construction. For the government to fit within Section 2412(b) in a Section 1983 action there are two possible readings:

(1) Does the United States (like any other "person" who is a defendant in such an action) have to be shown to have violated a plaintiff's rights "under color" of state law? That could occur, for instance, if its activities were intertwined with those of actual state actors in a way exemplified by *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) or *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150–52, 90 S.Ct. 1598, 1604–05, 26 L.Ed.2d 142 (1970).

(2) Was it instead intended by Congress that the United States would be substituted for the State itself for Section 1983 purposes, without reference to the need to prove "state action"—an integral part of a Section 1983 cause of action?

If the former were the case YourStyle could not recover here, for the activity is solely that of the federal government, with-out any state component. If the latter were the case YourStyle could recover, for its claim was that the United States had violated its First Amendment rights. It must be observed however that Section 1983 extends not only to violation of *constitutional* rights but also to those created by a broad range of *federal statutes. Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). If the state action component of Section 1983 were eliminated for purposes of Section 2412(b) fee awards, that subsection would effectively swallow up all of Section 2412(d). In light of the far more liberal standard for allowance of fees under Section 1988, that would be an extraordinary result not lightly to be imputed to Congress.

Obviously the parties have not thought through or dealt with the considerations here, which could have a massive import for the government far beyond the confines of this case. Because of the importance of the issue, the Court will require further briefing on the intended meaning and proper application of Section 2412(b). It is also inviting amicus curiae participation by the American Civil Liberties Union and Lawyers' Committee for Civil Rights Under Law, which typify organizations that would have a major stake in the issue.

This opinion might end here. However the Court views YourStyle as entitled to the Court's views as to its potential recovery if it were concluded that Section 2412(b) in fact incorporates Section 1988 and its standards.

Accordingly the Court looks to the criteria for fee awards under Section 1988 where, as here, a plaintiff has been at most partially successful. YourStyle lost on nearly every issue it advanced. Though it ultimately won the war in the sense that the issues of *Revolt* magazine were released and not forfeited, the battle that resulted in the government's surrender was fought not on YourStyle's terrain but on that marked out by the Court. At most YourStyle could be deemed a prevailing party as to a very small part of the services provided by its counsel.

Our Court of Appeals has dealt with such problems on a number of occasions, most recently in *Syvock v. Milwaukee Boiler Mfg. Co.*, 665 F.2d 149 (7th Cir. 1981), which reviewed the earlier Seventh Circuit cases in some detail. *Syvock* teaches that the appropriate inquiry is whether plaintiff had one or more than one claim and whether plaintiff had "essentially succeeded" (665 F.2d at 164) on the claim or claims.

YourStyle of course wanted the release of the seized materials. In that sense it was successful. But in terms of the *Syvock* analysis its "success" was limited indeed. As the Opinion held, YourStyle lost entirely on its contentions that:

(1) the seizure standard employed by the Customs Service under 19 U.S.C. § 1305 is unconstitutional;

(2) the government regularly seeks and obtains default judgments under Fed.R. Civ.P. 55, without the District Court having ruled on the merits of obscenity *vel non* in violation of the Constitution and Section 1305;

(3) Section 1305 is a constitutionally impermissible obscenity scheme;

(4) the cumulative effect of the claimed defects already listed (and the one on which YourStyle had limited "success," discussed hereafter) was unconstitutional under the First Amendment; and

(5) as a newspaper publisher YourStyle is entitled to special immunity from Section 1305 seizures under the First Amendment.

Each of those arguments would have resulted in YourStyle's total freedom from the seizure procedures of which it complained. None was at all successful.

All YourStyle prevailed on was its argument that seizure of the foreign language materials had to be predicated on the work as a whole—and that meant translation. In *Syvock* terms that might, with some liberality in favor of YourStyle, be viewed as a discrete "claim." And though the Court resolved that claim quite differently from the way YourStyle would have had it, it may fairly be said that YourStyle "essentially succeeded" on that one claim.

Consequently YourStyle must amend its petition to deal solely with the time and expenses involved in the "claim" on which the Court would be prepared to grant an award *if* it is determined that Section 1988's principles are applicable to this case. That amended petition should be filed contemporaneously with YourStyle's memorandum on the latter issue.

### Conclusion

Both YourStyle and the government are directed to file supplemental memoranda dealing with the proper construction of Section 2412(b) on or before March 3, 1982. YourStyle shall contemporaneously submit its amended petition for attorneys' fees and expenses. ACLU and Lawyers' Committee are invited to submit briefs as amici curiae on the Section 2412(b) issue on or before March 3. After the Court has reviewed the various submissions it will either supplement this opinion or advise the parties whether further cross-submissions are necessary.

### SUPPLEMENTAL MEMORANDUM OPINION

This Court has reviewed the submissions by the parties and by Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee") as amicus curiae, all in response to the Court's February 11, 1982 memorandum opinion and order (the "Opinion"). For reasons stated in the Opinion and in this opinion, YourStyle's motion for attorneys' fees under 28 U.S.C. § 2412 ("Section 2412") is denied.[1]

---

1. As discussed in the Opinion, Section 2412(d) may allow a prevailing plaintiff in a non-tort action to collect fees against the United States without regard to any other statutory source of fee allowance. However no such award may be made if the Court "finds that the position of the United States was substantially justified." Because this Court specifically so found in the Opinion, Section 2412(d) affords YourStyle no comfort. This opinion will consider only Section 2412(b) (but see nn.3 and 7).

Essentially YourStyle contends Section 2412(b) was intended to achieve "uniformity" of liability for fees as between the United States and all other unsuccessful litigants. So much is true (at least in general terms). But YourStyle's proposed conclusion from that premise—that Congress intended the federal government to be liable for fees to the same extent that a nonexistent but hypothetical action under 42 U.S.C. § 1983 ("Section 1983") might have been brought and won against state officials—is a *non sequitur.*

"Uniformity" could arguably mean either that:

(1) As YourStyle argues, the United States ought to be liable for fees whenever it engages in activity that, if carried on by state officials, would subject them to liability under Section 1983.

(2) As the government claims, it is liable only where a substantive statute contains a fee-shifting provision, in which event the fees provision will apply to the United States exactly as to "any other party."

Each side accuses the other of a variant of Orwell's *Animal Farm* : To YourStyle, the government's position makes the United States more equal than others; to the government, YourStyle's position makes the United States less equal.

That dispute illustrates the dangers of shifting the analysis from its proper focus—the statute involved—to generalized concepts like "uniformity." [2] After all, Section 2412(b) does identify its sources of law as "common law" (clearly not implicated here) and "any statute which specifically provides for such an award [of fees]." And the parties recognize that the only relevant "statute" is 42 U.S.C. § 1988 ("Section 1988"):

In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Section 1988 permits attorney's fees to be taxed against litigants other than the United States *only* where the plaintiff has sued "to enforce a provision of" one of a discrete group of statutes. Section 2412(b) in turn makes the United States vulnerable "to the same extent." That simple set of paired propositions—drawn from the specific statutory language—highlights the fatal defect in YourStyle's argument.

Neither the government's forfeiture action nor YourStyle's lawsuit was, nor could either have been, brought "to enforce a provision of" any of the statutes enumerated in Section 1988.[3] YourStyle's own action was rather one claiming violation of its First Amendment rights based directly upon the Constitution (*Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)). Its claim of First Amendment deprivation was of course *analogous* to a Section 1983 action, as all *Bivens*-type actions are. But YourStyle's lawsuit did not invoke and could not have invoked Section 1983: It alleged deprivations by *federal* officials acting under color of *federal* law, and not (as Section 1983 requires) action under color of *state* law.

---

**2.** As the Supreme Court consistently reminds us in statutory construction cases, "We turn first to the language of the Act itself." *Universities Research Ass'n v. Coutu*, 450 U.S. 754, 771, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981). Lest this be viewed as a criticism of the litigants alone, it might also be said of some of the discussion in the Opinion as well. Despite the temptation to frame issues in broad policy terms, sound statutory construction must always begin with the statutory language and its plain meaning.

**3.** Indeed there can scarcely be any question that YourStyle's ability to recover fees as the "prevailing party" in the forfeiture actions must perforce arise under Section 2412(*d*) or not at all. YourStyle utterly ignores that fact, improperly lumping the entire three-action litigation together as though one lawsuit. More surprisingly, the government has also missed the point entirely, though it serves to demonstrate the inherent fallacy of YourStyle's approach.

■ Because YourStyle's suit was a *Bivens*-type action and not one "to enforce a provision" of Section 1983, Section 1988 would not have applied had the losing party been other than the United States. And because no "other party would be liable" for fees under Section 1988, the United States is non-liable "to the same extent" under Section 2412(b). In light of the plain statutory language it would not be sound jurisprudence to address Section 2412's legislative history at any length, for there is really no ambiguity to decipher.[4]

Indeed, YourStyle's proffered reading of Section 2412 would not in fact produce "uniformity" of treatment of the United States and "other parties." Actions taken by the United States like those YourStyle sued upon are after all torts, even though they may be constitutional violations because committed by government. Identical tortious activity by private parties (such as the unlawful seizure of YourStyle's property) would not subject *those* defendants to liability for attorney's fees, any more than any other kind of tort would.[5]

Section 1988 changes the "American Rule" only in specific instances—and as to Section 1983 (unlike the other statutes Section 1988 incorporates by reference), it does so *only* as to state actors. No private tortfeasor, even though infringing a plaintiff's rights in precisely the same way a party acting under color of state law might, is vulnerable under Section 1983 *or* thereby under Section 1988. Thus YourStyle would not give the United States "uniformity" with "other parties" but would actually render it *worse off*, at least to the extent those "other parties" are private citizens.

Only one factor gives any pause in reaching the result announced in this opinion. Lawyers' Committee points out that S.B. 265, the bill that ultimately became Section 2412(b), originally read (Award of Attorneys' Fees Against the Federal Government: Hearings on S. 265 Before the House Subcommittee on Courts, Civil Liberties and the Administration of Justice, 96th Cong.2d Sess. 3, 9 (1980), emphasis added):

> The United States shall be liable [for fees] to the same extent that a *private party* would be liable....

Armand Derfner ("Derfner"), spokesman for Lawyers' Committee, testified before the House subcommittee drafting the Act, *id.* at 100:

> There is an area in which a slight drafting modification could carry out what I believe might be the intention of the committee; and that is to put the United States completely on a par as far as the enforcement of important constitutional and statutory rights.
>
> In the Civil Rights Act of 1976 [42 U.S.C. § 1988] you provided that when someone ... sues a state or local government under 42 United States Code, section 1983, to vindicate a constitutional or Federal statutory right that fees would be available under the *Newman v. Peggy (sic) Park* standard. These bills say that the United States should pay fees—in the amendment to 28 United States Code 2412—in those circumstances where the court may award such fees in suits involving private parties.
>
> That doesn't say state or local government, but if the language were amended to read, "in those circumstances where the court may award such fees in suits

---

**4.** That legislative history reflects that at least one—perhaps the chief—purpose behind passage of the Equal Access to Justice Act was to reverse the results reached in *NAACP v. Civiletti*, 609 F.2d 514 (D.C.Cir.1979) and *Shannon v. HUD*, 577 F.2d 854 (3d Cir. 1978). Those were the decisions the House Report spoke of when it said:

> This subsection clarifies the liability of the United States under such statutes as the Civil Rights Attorney's Fees Awards Act of 1976 [Section 1988], as well.

And it should be observed that *NAACP* was a claim under Sections 1981 and 1985; *Shannon*, under Title VI. Both were thus specifically within Section 1988 and hence would be incorporated by reference under new Section 2412(b). Both are therefore entirely consistent with the analysis in the text.

**5.** Any such lawsuit would be garden variety litigation controlled by the "American Rule" barring fee awards.

involving other litigants"; it would achieve that purpose. And I think it would go even further toward putting the United States on a par with other governmental bodies.

Without explanation by the legislative draftsmen, the next draft of S.B. 265 changed "a private party" to "any other party." H.R.Rep.No.96–1418, 96th Cong.2d Sess. 1, 7, 19–20 (1980). That revised wording survived in Section 2412(b) as enacted.

It may well be that the change was motivated by a desire to expose the federal government to the same liability for a constitutional infringement (although obviously not cognizable under Section 1983) as a state government sued for the same violation under that section.[6] But if so, Derfner was a better policy advocate than a draftsman. Such a limited revision of the language in Section 2412(b), without any explicit directive in that statute or any change in the clear thrust of Section 1988, cannot override the plain meaning of the latter provision.[7] Arguable congressional intent must give way to unambiguous congressional language.

In sum, then, Section 1988 lists no section whose provisions YourStyle's action was brought to enforce. Section 1988 has not itself been amended to award fees for *Bivens*-type actions, and it therefore cannot serve as the predicate for such an award here. If Congress really intended a different result by passing the Equal Access to Justice Act, it has not chosen the requisite clear directive to the courts for that purpose.

*Conclusion*

YourStyle's motion for fees is denied in its entirety.[8]

---

6. No reason other than Derfner's for the change in wording is immediately apparent. At least from a surface analysis it seems that only Section 1983, of the several statutes listed in Section 1988, would be affected by making the United States liable to the extent that a state or local government—as opposed to a private party—would be.

7. Even if a different conclusion were reached, the concept would pose two significant problems in cases like these:

1. There is no conceivable way in which a constitutional defense to a forfeiture action can qualify as "an action or proceeding to enforce a provision of Section ... 1983. . . ." YourStyle thus cannot bootstrap itself into a fee award under Section 2312(b) for any services in the forfeiture proceedings.

2. Where the challenged action is one exclusively committed to the federal government under "Our Federalism"—forfeiture of allegedly obscene materials committed to the mails—multiple fictions are involved: We must posit state action of the same nature, then hypothesize the imposition of fees against the state under a Section 1983 lawsuit attacking that action, then saddle the United States with an equivalent liability though it could not be sued under Section 1983.

8. Had this Court come to a contrary decision as to the statutory meaning, YourStyle would still not have been home free. Both for the reasons stated in nn.3 and 7 and because of its limited degree of success (as discussed in the Opinion), its potential recovery would have been modest at best.