**UNITED STATES of America, Plaintiff,**

v.

**Howard POMP, Defendant.**

**No. 81–266–Orl–Civ–R.**

United States District Court,
M. D. Florida,
Orlando Division.

Jan. 25, 1982.

---

**6.** *See, e.g., Trailer Train Co. v. State Board of* *Equalization,* 511 F.Supp. 553 (N.D.Cal.1981).

**514**

George T. Rita, Trial Atty., Tax Div., Kendell W. Wherry, Asst. U. S. Atty., U. S. Dept. of Justice, Washington, D. C., Orlando, Fla., for plaintiff.

R. Lee Bennett, of Peirsol, Boroughs, Grimm & Bennett, Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION

JOHN A. REED, Jr., District Judge.

On 22 May 1981, the United States filed a complaint against defendant Howard Pomp to recover $57,071.79 as a penalty assessed by the Internal Revenue Service against the defendant for failing to collect and pay over to the IRS certain withholding and social security taxes. Defendant's answer and exhibits, however, show that the appellate division of the IRS determined on 29 June 1978 that defendant was not liable for the penalty. On 13 October 1981, after this cause came at issue, the United States filed herein a motion for voluntary dismissal because the tax liability which the IRS sought to collect had been abated. Since it appears that the penalty assessed against defendant was abated prior to the filing of the complaint, the complaint is dismissed with prejudice pursuant to Fed.R.Civ.P. 41(a)(2), which allows for dismissal on such terms and conditions as the court deems proper. In granting the motion for a voluntary dismissal, the court will require that plaintiff pay a reasonable attorney fee to defendant Pomp who is the prevailing party.

In defendant's answer filed 19 June 1981, defendant requested the following relief: "If Defendant is the prevailing party Defendant hereby prays for his reasonable attorneys' fees as a part of his costs as provided by 42 U.S.C. § 1988, as amended by Pub.L.94–559, 10/19/76." The same relief was requested in defendant's motion for summary judgment filed 31 July 1981. In his supplemental motion for attorney fees filed 16 October 1981, defendant asked for an award of attorney fees under 42 U.S.C. § 1988 or under 28 U.S.C. § 2412.

Effective 1 October 1981, Congress amended 42 U.S.C. § 1988 (1976) to delete the words on which defendant relies. See Pub.L.No.96–481, Title II, §§ 205(c), 208, 94 Stat. 2330. Therefore, a prevailing party can no longer obtain attorney fees against the United States under 42 U.S.C. § 1988 in an action to enforce a provision of the Internal Revenue Code. However, the same Public Law enacted Section 2412(d) of Title 28. The legislative history behind the amendment of § 1988 indicates that the "deletion of this section is required because it is intended that cases arising under the internal revenue laws be covered by the provisions of 2412(d) of title 28 as added by this bill." H.R.Rep.No.96–1418, 96th Cong., 2d Sess. 19, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4998.

Section 2412(d) of title 28 requires a court to award reasonable attorney fees to a prevailing party unless the position of the

United States was substantially justified or special circumstances make an award unjust. Normally, under § 2412 attorney fees may not exceed $75.00 per hour, and an individual party is entitled to recover attorney fees from the United States only if his net worth did not exceed $1,000,000.00 at the time the action was filed. 28 U.S.C. § 2412(d)(2) (1980).

Pursuant to 28 U.S.C. § 2412(d)(1)(B), defendant has submitted to the court an affidavit in support of his application for fees which states that he falls within the net worth criteria of § 2412. The affidavit alleges that the position of the United States was not substantially justified.

Defendant Pomp is a prevailing party since the Government has sought a dismissal of the action. *See* H.R.Rep.No.76–1418, 96th Cong., 2d Sess. 11, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4990. Once it is concluded that the defendant prevailed, the language of § 2412 and the legislative history behind the section indicate that the burden of persuasion is on the Government:

> fees will be awarded unless the Government can show that its action was substantially justified or that special circumstances make an award unjust.... The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.

H.R.Rep.No.76–1418, 96th Cong., 2d Sess. 10, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4984, 4989. There is nothing in the record which sustains the Government's burden of showing a reasonable basis both in law and fact for pursuing the lawsuit against defendant Pomp. Defendant, however, has not shown why this court should award attorney fees in excess of $75.00 per hour. See 28 U.S.C. § 2412(d)(2)(A)(ii).

The court has reviewed the affidavits filed by defendant Pomp pursuant to 28 U.S.C. § 2412(d)(1)(B), and the affidavits of R. Lee Bennett which apply to this action factors derived from *Johnson v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The court finds that on 17 September 1981, Mr. Rita called Lee Bennett to say that the Government would ask the court for a voluntary dismissal, but would not agree to pay the attorney fees requested. In view of the novelty of 28 U.S.C. § 2412(d), and the fact that the Government opposed the recovery of *any* attorney fees, the court finds that fifteen hours is a reasonable amount of time for defendant's attorneys to have expended after the Government on 17 September 1981 announced its intent to seek a voluntary dismissal. The court will allow an attorney fee on those hours at the rate of $75.00 per hour for a total of $1,125.00.

The hours billed prior to 17 September 1981 are reasonable in amount in light of the nature of the case and will be allowed as follows:

| | | |
|---|---|---|
| Peirsol: | 2.5 hours x $75.00 = | $ 187.50 |
| Bennett: | 8.0 hours x $75.00 = | 600.00 |
| Kerney: | 50.2 hours x $65.00 = | 3,263.00 |
| | | $4,050.50 |

Thus the total of all the attorney fees to be awarded to defendant under the provisions of 28 U.S.C. § 2412(d), based on the hours expended and the factors enumerated in *Johnson v. Georgia Highway Express, Inc., supra,* is $5,175.50.