The HOOPA VALLEY TRIBE, a federally-recognized Indian tribe, Plaintiff,

v.

James G. WATT, Secretary of the Interior; Kenneth L. Smith, Assistant Secretary for Indian Affairs; William E. Finale, Sacramento Area Director, Bureau of Indian Affairs; Wilson Barber, Jr., Superintendent, Northern California Agency, Bureau of Indian Affairs, and The United States of America, Defendants.

No. C–81–3094–MHP.

United States District Court,
N.D. California.

Feb. 1, 1983.

Robert L. Pirtle, Ziontz, Pirtle, Morisset, Ernstoff & Chestnut, Thomas P. Schlosser, Seattle, Wash., Neil Shapiro, Cooper, White & Cooper, San Francisco, Cal., for plaintiff.

Paul E. Locke, Asst. U.S. Atty., San Francisco, Cal., for defendants.

## ORDER RE ATTORNEYS' FEES AND EXPENSES

PATEL, District Judge.

Plaintiff Hoopa Valley Tribe seeks attorney's fees and costs pursuant to the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is a federally-recognized Indian Tribe; defendants are the United States and other government entities and officials. Petitioner filed suit on July 24, 1981 challenging the government's refusal to approve a stream clearance contract with the Hoopa Valley Tribe on the ground that the Yurok Indians had not approved the contract. Plaintiff sought injunctive and declaratory relief as to its entitlement to the contract under the provisions of the Indian Self-Determination Act, P.L. 93–638. On August 4, 1981, this court entered a preliminary injunction ordering defendants to approve and carry out the proposed contract with the Hoopa Valley Tribe. On July 15, 1982, pursuant to a joint motion and stipulation, the action was dismissed except that plaintiff was granted leave to file an application for attorney's fees and costs under the Equal Access to Justice Act within 30 days. Plaintiff filed a timely application.

The Equal Access to Justice Act provides for the award of costs and reasonable fees and expenses of attorneys to the prevailing party in any civil action brought against the United States or any agency or official of the United States acting in his or her official capacity, unless the court finds that the United States was substantially justified in its position or that special circumstances make an award unjust. 28 U.S.C. §§ 2412(a), 2412(d)(1)(A). In this case, the United States does not dispute that plaintiff prevailed, as indeed it could not. The order of dismissal incorporated defendants' stipulation and consent to the central relief sought by plaintiff—specifically that the United States refrain from refusing to award a contract to plaintiff pursuant to the Indian Self-Determination Act on the ground that there is no resolution from the Yurok Tribe concurring in the contract award.

The United States does, however, dispute plaintiff's entitlement to fees and expenses on several grounds. First, it argues that plaintiff is not an eligible "party" as defined by the Act. § 2412(d)(2)(B). Second, defendant argues that the court should find that its position was substantially justified. § 2412(d)(1)(A). Third, it argues that certain expenses incurred by plaintiff do not come within the Act's definition of "expenses." § 2412(d)(2)(A). Finally, defendant claims that the compensation plaintiff seeks is excessive in amount. The court has examined each of these contentions, as discussed below, and concludes that except for certain unitemized expenses, plaintiff is entitled to the fees and expenses it requests.

### I. "Party"

Section 2412(d)(2)(B) of the Equal Access to Justice Act sets forth the definition of "party" which governs who may be eligible to recover fees and expenses under the Act. It provides

"party" means (i) an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, except that an organiza-

tion described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of the Code and a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association, or (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization, having not more than 500 employees at the time the civil action was filed.

The court finds that plaintiff constitutes an eligible "party" under § 2412(d)(2)(B)(ii). The Tribe, not its individual members, is the party in this action. It is an "association" or "organization" within the meaning of this section. Therefore, it is an eligible party if its net worth did not exceed $5,000,000 when this action was filed.[1] The only asset disclosed by plaintiff is timber standing on its land. The United States does not contend that plaintiff has any other assets. Thus, the parties have agreed implicitly that the Tribe's sole asset is timber. Neither party has made any contentions regarding the amount of tribal liabilities.

The Act does not specify on its face by what method the court should value assets. Accordingly, the court must look to other indications of Congress' intent. The legislative history makes clear that Congress intended that the historical cost of acquisition of assets may be used. S.Rep. No. 96–974, 96th Cong., 2d Sess. 17 (Sept. 19, 1980), U.S.Code Cong. & Admin.News 1980, p. 4953. Plaintiff proposes in its reply brief that the court ascertain the acquisition costs of its timber from Congress' grant of compensation of $1.25 per acre to Indians of

California who were promised but did not receive land in the 1850's, 25 U.S.C. § 653, approximately contemporaneous with the establishment of the Hoopa Valley Reservation. Defendant has not contested these acquisition figures, even though it has had ample time to seek leave to respond since plaintiff filed its reply. Accordingly, the court finds that $1.25 per acre may be used to determine acquisition costs. The Hoopa Valley Reservation contains approximately 53,211 acres of uncut forest. At a cost of $1.25 per acre, the value of plaintiff's sole asset is clearly well below the statutory limit of $5,000,000. Thus, even assuming that plaintiff has no liabilities which would reduce its net worth below the value of its sole asset, the timber, plaintiff is an eligible party because it is an organization or association whose net worth does not exceed $5,000,000.[2]

The court also finds that plaintiff is an eligible "party" under the alternative definition provided by the Act: an "association, or organization, having no more than 500 employees at the time the civil action was filed." § 2412(b)(2)(B)(iii). Plaintiff's uncontradicted affidavit states that the Tribe had only 71 employees when this action was filed, and has not had more than 189 employees at any time since. Thus, plaintiff falls within the plain and unambiguous terms of the statute.

The court is aware that the comparable provision under the Equal Access for Justice Act for award of fees and expenses in administrative as opposed to court proceedings defines "party" to exclude both those associations and organizations whose net worth exceeds $5,000,000 *and* those who employ more than 500 employees, regardless of net worth. 5 U.S.C. § 504(b)(1)(B)(i), (ii). The legislative history of the Act indicates an intention to

---

1. Plaintiff does not contend that it falls within the exception provided for certain tax-exempt organizations or agricultural marketing associations whose net worth exceeds $5,000,000. 28 U.S.C. § 2412(d)(2)(B)(ii).

2. The court need not reach plaintiff's argument that it qualifies as an association or organization with a net worth under $5,000,000 when its timber is valued currently, because it has already determined that plaintiff qualifies as a "party" under the alternative method of valuation by acquisition cost. Therefore, the court need not engage in the difficult and perhaps impossible task of assessing the impact on plaintiff's net worth of various competing legal claims to the timber and the possible need for government approval of timber sales.

define "party" identically for both administrative and court proceedings. H.Conf.Rep. No. 96–1434, *reprinted in* 1980 U.S.Code Cong. & Admin.News 5003, 5011, 5015. Nevertheless, the plain language of the two provisions defining "party" is distinctly different. The provision governing eligibility for fees in civil actions such as this one defines "party" by inclusion, listing three alternative methods of qualification in the disjunctive. By contrast, the provision for fees in administrative proceedings defines party by exclusion, listing two conditions of disqualification in the conjunctive. Congress can speak clearly if it chooses. When the applicable statutory language is clear on its face, as here, it is not for the court to go beyond its terms to search out ambiguity in the legislative history absent rare and exceptional circumstances. *See, e.g., Rubin v. United States,* 449 U.S. 424, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981) (citations omitted); *United States v. Rone,* 598 F.2d 564, 569 (9th Cir.1979). No such exceptional circumstances are present here.[3]

## II. *Substantial Justification*

Having determined that plaintiff is an eligible prevailing party, the court must award it fees, expenses and costs unless it finds that "the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A). Defendant does not argue the existence of any such special circumstances in this case, and the court finds that there are none. Defendant does argue, however, that its position that approval of the Yurok Tribe was a valid reason for its refusal to approve the stream clearance contract with the Hoopa Valley Tribe was substantially justified. The court disagrees.

▮▮▮▮ Congress placed the burden of proof on defendant to establish substantial

justification. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4989; *Lauritzen v. Secretary of the Navy,* 546 F.Supp. 1221, 1226 (C.D.Ca.1982); *Citizens Coalition for Block Grant Compliance v. City of Euclid,* 537 F.Supp. 422, 424 (N.D. Ohio 1982). The test is one of reasonableness and substantial justification. *Lauritzen, supra,* 546 F.Supp. at 1226. Defendant has failed to meet its burden. The court found in issuing a preliminary injunction against the United States that its reason for refusing to approve plaintiff's proposed contract was "an impossible condition which thwarts the plain meaning and spirit of the Indian Self-Determination Act". Preliminary Injunction, Conclusion of Law No. 5 (August 4, 1981). The court further determined that defendant had acted contrary to its own regulations and past practice. Conclusions of Law No. 6, Finding of Fact No. 10. Accordingly, the court held that defendant had acted arbitrarily, capriciously and illegally. Conclusion of Law No. 7. In fact, defendant summoned little or no authority for its position, merely arguing its own interpretation of the statute. Defendants' Memorandum in Opposition to Motion for Preliminary Injunction, pp. 6–13.

Furthermore, defendant by its own conduct after issuance of the preliminary injunction implicitly if not explicitly admitted that it lacked substantial justification for its original position. Defendant joined a motion to dismiss the suit on the grounds, inter alia, that its prior denial of the Hoopa's application for approval of its contract because the Yurok Tribe had not approved it was "not substantially justified under the Indian Self-Determination Act" and consented to cease applying the challenged condition for approval of contract awards to the Hoopa Valley Tribe pursuant to the

---

**3.** The court recognizes that in a different case application of this provision might result in the eligibility of a party with substantial resources who arguably did not conform to a Congressional purpose to limit eligibility to those otherwise lacking the resources to challenge government actions. That potential problem, however, is not raised here. Plaintiff's uncontradicted affidavits state that the Hoopa Valley

Tribe is suffering severe budgetary constraints due to the failure of any timber sale for 1982 and the general economic recession, and that over 80 percent of the Tribe's heads of household have incomes below the poverty level. Therefore, the court need not consider whether a different entity with very substantial assets but no more than 500 employees could qualify for fees under 28 U.S.C. § 2412(d)(2)(B)(iii).

Indian Self-Determination Act. Joint Motion for Dismissal (July 15, 1982).

III. *Amount of Fees, Expenses and Costs Award*

Plaintiff requests an award of $19,362.04 in attorney's fees billed and $1539.55 in costs and other expenses. Defendant. disputes that plaintiff is entitled to the full amount on the grounds that (1) the hours are excessive; (2) the fees exceed the statutory limit; (3) certain expenses are not allowable under the statute; and (4) certain expenses were not itemized. The court concludes that plaintiff is entitled to the full amount sought except for certain unitemized expenses.

The total of 232.7 hours expended by plaintiff's counsel on this case was reasonable. In that relatively modest amount of time, plaintiff obtained a favorable temporary restraining order and preliminary injunction and engaged in settlement negotiations which ultimately produced a favorable settlement.

■ Plaintiff asks to be compensated at the rates of $97.90 for work by its senior attorneys, $92.50 for work by other principal attorneys, $38.10 for work by a law graduate and $15.00 for work by a law student. The Act provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." § 2412(d)(2)(A)(ii). The court finds that the limited availability of qualified attorneys with the requisite special expertise in Indian law justifies the hourly rates requested by plaintiff in excess of $75. The two lead attorneys representing plaintiff have practiced Indian law exclusively since 1968 and 1975 respectively and have special expertise relevant to this case in the areas of Indian fishing rights and contracting with Indians. Defendants do not dispute the limited availability of other counsel with such expertise. Attorneys without this expertise would undoubtedly have expended a far greater number of hours to achieve the same result, albeit at a lower

rate. Consequently the expense to the government would have been substantially greater. Nor do defendants dispute that some other firms specializing in Indian law with similar or less experience than plaintiff's counsel have charged or sought an award of higher rates than plaintiff's counsel seek here.

The court also finds that the lower rates sought for law clerk services are reasonable and should be compensated as part of attorney's fees because the use of such services is a cost-efficient component of the modern practice of law. The court notes that it would be better practice for counsel to submit more detailed records as to the nature of the work performed by the law clerks than they provided here. The court will, however, award compensation for their services in this case because the amount of time spent by the law clerks was reasonable and only a small part of the total time spent litigating the case. Further, it was billed at a much lower rate than had it been performed by more senior attorneys, and defendants have made no substantial objection.

■ The costs and expenses plaintiff seeks are also available under the statute with the exception of the unitemized expenses of $416.34 for May 1982, the nature of which the court cannot determine. The statute provides for the award to the prevailing party not only of costs normally taxable in any civil action, § 2412(a), but also "other expenses," § 2412(d)(1)(A). The statute defines "other expenses" by example, rather than by limitation:

> "fees and *other expenses*" *includes* the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case ...
> § 2412(d)(2)(A) (emphasis added).

The court finds that "other expenses" includes the reasonable expenses of long-distance telephone charges and travel incurred by plaintiff's counsel because these are items normally charged to clients as legal expenses. The purpose of the Act was to lower the financial barriers to litigation

948

against the government by parties without substantial private resources by compensating prevailing parties for fees and expenses which they would otherwise be forced to bear. *Cf. Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 639 (6th Cir.1979) (reasonable travel and telephone costs are recoverable as necessary expenses incidental to legal representation under the Civil Rights Attorneys Fees Act of 1976, 42 U.S.C. § 1988). Defendants do not dispute that the itemized expenditures by plaintiff's counsel were reasonably necessary to the conduct of this litigation.

The court cannot award the $416.34 requested for non-itemized expenses for May 1982, however, because it is impossible to determine whether these were reasonable and allowable expenses. If plaintiff can provide prompt and satisfactory documentation of these items, the court will entertain a motion to amend the judgment as to these expenses.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff is awarded $19,362.04 in attorney's fees and $1,123.21 in costs and other expenses.