**UNIFICATION CHURCH, et al., Plaintiffs,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Defendant.**

Civ. A. No. 81–1073.

United States District Court, District of Columbia.

Oct. 28, 1983.

See also, D.C., 547 F.Supp. 623.

David Carliner, Washington, D.C., David Grosz, Barry A. Fisher, Larry J. Roberts, Fisher & Moest, Los Angeles, Cal., for plaintiffs.

Sylvia Royce, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

In September, 1982, at the behest of plaintiff Unification Church which sought judicial review of decisions of defendant INS pursuant to section 279 of the Immigration and Nationality Act, 8 U.S.C. § 1329, this Court reversed INS' denials of the applications of three illegally-resident aliens to remain in the United States to continue to work for it.[1] Unification Church now asks to be awarded some $75,000 in attorneys' fees, and approximately $1,000 in expenses, as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2] For the reasons stated below, plaintiff's motion will be denied.

The central objective of the EAJA is to encourage "relatively impecunious private parties" to challenge unreasonable or oppressive governmental behavior by relieving them of the fear of incurring large litigation expenses. *Spencer v. NLRB*, 712 F.2d 539, 549 (D.C.Cir.1983). Two provisions of the EAJA would authorize an award of "reasonable fees and expenses of attorneys" against the United States here if the relevant conditions are met: 28 U.S.C. § 2412(d)(1)(A), the so-called "mandatory" subsection, requiring attorneys' fees to be awarded to a successful "party" (as elsewhere defined)[3] to litigation with the government unless the "position of the United States was substantially justified" or "special circumstances make an award unjust;" and 28 U.S.C. § 2412(b), the "discretionary" counterpart, which allows them to be assessed against the government, in the court's discretion, "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

---

1. *Unification Church v. INS*, 547 F.Supp. 623 (D.D.C.1982).

2. Only the Unification Church, not the individual aliens, is a real party in interest insofar as an award of attorneys' fees is concerned. The affidavit of plaintiffs' counsel of July 27, 1983, discloses that, although he was "retained" by the individual plaintiffs to represent them before the INS and in this court, his "arrangement" for payment for his services is solely with the Unification Church for which he has performed like services since April, 1974. He has not yet submitted a bill in this case.

3. "(i) [A]n individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a ... corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 ... exempt from taxation ... may be a party regardless of the net worth of such organization ..., or (iii) a ... corporation, association, or organization, having not more than 500 employees at the time the civil action was filed ...." 28 U.S.C. § 2412(d)(2)(B).

■■■ To be entitled to a "mandatory" award the would-be "prevailing party" has only to show that it is such and is "eligible" to receive it, and to submit evidence in support of the amount claimed. 28 U.S.C. § 2412(d)(1)(B).[4] As an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code, the church is, of course, relieved of the EAJA's eligibility requirement that a "party" not have a net worth in excess of $5,000,000. 28 U.S.C. § 2412(d)(2)(B). But even tax-exempt entities must not have employed more than 500 individuals at the time the action was filed to be eligible. *Id.;* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4988. Yet by its own admission Unification Church had some 7,000 members who "devote[d] their full-time services" to performing precisely such church activities as it expected of the individual plaintiffs. (Complaint, para. 6, at 4). It argues that its members are not "employees" for purposes of the EAJA and refers to them as members of a religious family who receive for their ecclesiastical services what amounts to a subsistence allowance.[5] It says that the EAJA intended employees to be enumerated only for would-be "parties" who prevail in litigation with the government in a "business capacity." *See* H.R. Rep. No. 1418, *supra*, at 9, 1980 U.S.Code Cong. & Ad.News at 4988. The argument conveniently ignores the rationale of this entire litigation which turned upon the alien plaintiffs' status as laborers seeking permission to reside in the U.S. to work at jobs for which the Secretary of Labor had certified a dearth of U.S. citizens qualified and available to perform the same work.[6] Having vindicated their right to remain here as "employees," the church cannot now claim that they and their spiritual brethren are something else when they are counted up to determine whether it may be eligible to recover its attorneys' fees under 28 U.S.C. § 2412(d)(1)(A).

■■■ Unification Church also claims attorneys' fees pursuant to EAJA's discretionary subsection, 28 U.S.C. § 2412(b), which permits an award against the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." It authorizes an award of attorneys' fees to parties prevailing against the United States when one of the common law exceptions to the American rule requiring litigants to bear their own legal fees obtains or when a specific fee-shifting statute applies. *See Spencer v. NLRB,* 712 F.2d at 543–45. Neither the eligibility requirements nor the presence of "substantial justification" for the government's position inhibit discretionary awards.

The parties agree that neither of the exceptions to the American rule—"bad faith" or "common benefit"—apply to this litigation. Unification Church can recover, if at all, therefore, under Section 2412(b) only if it can show that it would be entitled

---

4. The government has the burden of proving that its "position" was "substantially justified" to avoid liability for its adversary's attorneys' fees. *S & H Riggers & Erectors, Inc. v. OSHRC,* 672 F.2d 426, 429–30 (5th Cir.1982); *Nunes-Correia v. Haig,* 543 F.Supp. 812, 816–17 (D.D.C.1982).

5. Unification Church's corporate treasurer testified on deposition on August 22, 1983, that he and other "core members"—approximately 7,000 of them in the U.S. alone—receive their necessities from the church, although they are technically unsalaried, in exchange for their services, in a relationship which resembles the typical employer-employee relationship in all respects save for compensation in kind rather than specie. *Cf. Spirides v. Reinhardt,* 613 F.2d 826, 831–32 (D.C.Cir.1979).

6. The Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(14), 1153(a)(6) permits aliens to enter the U.S. to work only if the Secretary of Labor has certified that there are not sufficient U.S. workers able, willing, qualified and available to perform the same labor. "Aliens with a religious commitment who seek admission ... to work for a non-profit religious organization" enjoy a "blanket" certification to that effect. 20 C.F.R. 656.10(c)(2) (1983). Applying criteria found in its own earlier cases, the INS had concluded that the Unification Church was not such an organization nor were the aliens sufficiently religiously committed.

to receive them under some other fee-shifting statute, and the statute it relies on is the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988, which permits awards of attorneys' fees in civil rights cases including those brought against state officials under 42 U.S.C. § 1983 for violations of federal constitutional and statutory rights.[7] Plaintiff contends that this action could have been brought as a section 1983 suit had the offending officials been employed by a state rather than the federal government,[8] and attorneys' fees would then have been recoverable pursuant to 42 U.S.C. § 1988; therefore, the reasoning continues, since section 2412(b) makes the United States liable for attorneys' fees "to the same extent as any other party," so it must have been intended to permit an award here. *See Lauritzen v. Secretary of the Navy,* 546 F.Supp. 1221, 1228–29 (C.D.Cal.1982).

 The EAJA is, however, like other statutes allowing recovery against the United States, a limited waiver of sovereign immunity and must be narrowly construed. The government's liability is not to be implied when it is not expressly and clearly imposed by Congress. *NAACP v. Civiletti,* 609 F.2d 514, 516 (D.C.Cir.1979), *cert. denied,* 447 U.S. 922, 100 S.Ct. 3012, 65 L.Ed.2d 1114 (1980); *Shannon v. U.S. Dept. of Housing & Urban Development,* 577 F.2d 854, 855–56 (3d Cir.), *cert. denied,* 439 U.S. 1002, 99 S.Ct. 611, 58 L.Ed.2d 677 (1978). To conclude that Congress intended to subject the United States to an award of attorneys' fees in any case in which federal officials are found to have misapplied federal law because state officials would be liable had they done the same thing would entail a pure implication of legislative intent which Congress was fully

capable of expressing had it so meant to do. *See Venus v. Goodman,* 556 F.Supp. 514, 520–22 (W.D.Wis.1983); *United States v. Miscellaneous Pornographic Magazines,* 541 F.Supp. 122, 127–29 (N.D.Ill. 1982).

Therefore, it is this 28th day of October, 1983,

ORDERED, that plaintiffs' application for attorneys' fees and other expenses is denied.

---

**7.** 42 U.S.C. § 1983 has historically been construed as providing a cause of action only for deprivations of constitutional rights by state officials acting under color of state law. The Supreme Court recently expanded its interpretation to include acts of state officials which violate federal statutory rights, and to permit the recovery of attorneys' fees in such actions as well. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Maher v. Gagne,*

448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

**8.** The Court assumes without deciding that at least the individual alien plaintiffs would have been entitled to sue under § 1983. *See Examining Board v. Flores de Otero,* 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976).