**AMERICAN ACADEMY OF PEDIATRICS, et al., Plaintiffs,**

v.

**Margaret M. HECKLER, Secretary, Department of Health and Human Services, Defendant.**

Civ. A. No. 83–0774.

United States District Court, District of Columbia.

April 6, 1984.

Thomas C. Fox, Stephan E. Lawton, Elizabeth B. Carder, James D. Miller, C. Richard Cornelius, Washington, D.C., for plaintiffs.

Neil H. Koslowe, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

On February 3, 1984, this Court entered an Order awarding attorney's fees to the three named plaintiffs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). 580 F.Supp. 436. Defendant has moved under F.R.Civ.P. 60(b) for an Order vacating that portion of the judgment awarding attorney's fees to Children's Hospital National Medical Center (Children's Hospital).[1] Because the Court concludes that Children's Hospital is statutorily ineligible for attorney's fees under 28 U.S.C. § 2412(d), defendant's motion should be granted.

Under the EAJA, in a suit by or against the United States the Court shall award attorney's fees to a "prevailing party" other than the United States unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." § 2412(d)(1)(A). At issue on the present motion is whether Children's Hospital is a "party" within the meaning of § 2412(d). Section 2412(d)(2)(B) states:

(B) "party" means (i) an individual whose net worth did not exceed $1,000,000 at the time the civil action was filed, (ii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization whose net worth did not exceed $5,000,000 at the time the civil action was filed, except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1954 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of the Code and a cooperative association as defined in section 15(a) of the Agriculture Marketing Act (12 U.S.C. 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association, *or* (iii) a sole owner of an unincorporated business, or a partnership, corporation, association, or organization, having not more than 500 employees at the time the civil action was filed[.] [emphasis added].

The government contends that inasmuch as Children's Hospital is an "organization" with "more than 500 employees,"[2] it does not qualify as a "party" under § 2412(d)(2)(B). Children's Hospital, on the other hand, urges that the use of the disjunctive "or" means that it qualifies as a "party" if it meets *any* of the three criteria set out in § 2412(d)(2)(B), and since it is a tax-exempt organization as defined in subsection (ii), it is thus a "party."

At first blush Children's Hospital's interpretation of the statute would appear to be correct by sheer dint of its logical simplicity. Such an approach, however, would do grave violence to the *content* of § 2412(d)(2)(B), and would largely emasculate that provision of its intended effect. "The central objective of the EAJA, and of section 2412(d)(1)(A) in particular, was to encourage *relatively impecunious* private parties to challenge unreasonable or oppressive governmental behavior by relieving such parties of the fear of incurring

---

1. Defendant's 60(b) motion was filed on March 14, 1984. On April 3, 1984, defendant noticed an appeal from the Court's February 3 Order. Although the Court thus lacks jurisdiction to grant relief, it is still appropriate for the Court to consider defendant's motion and indicate whether it would grant relief on remand. *See Greater Boston Television Corp. v. FCC,* 463 F.2d 268, 280 n. 22 (D.C.Cir.1971); *Smith v. Pollin,* 194 F.2d 349 (D.C.Cir.1952).

2. This fact was not brought to the attention of the Court by either party at the time plaintiffs' applications for attorney's fees were considered. Defendant states that she learned of the number of Children's Hospital's employees only by virtue of a recent "fortuitous discovery" of this fact. Children's Hospital, for its part, points to an affidavit filed with its original motion for injunctive relief on March 21, 1983, which, while it does not directly indicate that Children's Hospital has over 500 employees, does suggest that it is a rather large institution. Regardless of whether either party was at fault for failing to raise this point earlier, however, the Court concludes that the interests of justice require it to exercise its discretion under Rule 60(b) to correct a misapplication of the EAJA in the present case.

large litigation expenses." *Spencer v. NLRB*, 712 F.2d 539, 549 (D.C.Cir.1983) [emphasis added].

Section 2412(d)(2)(B) serves as the mechanism for limiting attorney fee awards to those private parties which are "relatively impecunious." Plaintiff's interpretation of that subsection would prevent it from fulfilling its function. For example, subsection B(i) is designed to make very wealthy individuals ineligible to recover fees. Under Children's Hospital's interpretation of subsection (B), however, such an individual could recover fees if he or she *also* owned a business with less than 500 employees, since that person would meet the description of subsection (iii). If that person did *not* own any such business, however, he or she could not recover fees since the description in (iii) would not apply. Such an interpretation of the statute is both nonsensical and contrary to its clear purpose of limiting recoveries to those individuals and organizations who might not otherwise be able to afford to litigate their rights against the government.

 The legislative history of the EAJA also makes clear that the 500-employee ceiling operates as an independent bar to an award of fees in addition to the net worth restrictions in subsections (i) and (ii).

> Parties eligible to recover fees under these new sections include individuals whose net worth is less than $1 million and sole owners of unincorporated businesses, partnerships, corporations, associations, or other organizations whose net worth is less than $5 million. However, ... *an organization ... exempt from taxation under § 501(a) of the [Internal Revenue] Code, [is] excluded from the net worth ceiling. However, no party* which is involved in an administrative proceeding or civil court action in

its capacity as a business *can be included under this provision of the bill if it has more than 500 employees* at the time the adversary adjudication or civil action was initiated. [Emphasis added.]

H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 9 (1980), U.S.Code Cong. & Admin.News 1980, pp. 4953, 4987.

> The Senate bill defines prevailing parties eligible for an award to include individuals and certain entities, except: in the case of individuals, those whose net worth at the initiation of the adversarial proceeding exceeded $1 million; and, in the case of entities, those whose net worth at the initiation of the adversarial proceeding exceeded $5 million or who had more than 500 employees. Charitable tax exempt organizations so designated under 501(c)(3) of the Internal Revenue Code ... are exempt from the *monetary* ceiling. [Emphasis added.]

H.R.Rep. No. 96–1434, 96th Cong., 2d Sess. 26 (1980) (Conference Committee Report).

The Court thus concludes that Children's Hospital is barred under § 2412(d)(2)(B)(iii) from recovering attorney's fees in this action because it had more than 500 employees at the time this litigation was commenced. This result is in accord with the holding of this Court in *Unification Church v. I.N.S.*, 574 F.Supp. 93 (D.D.C. 1983), on completely analogous facts.[3] Defendant's motion to vacate judgment under Rule 60(b) should therefore be granted. Additionally, Children's Hospital's supplemental application for attorney's fees for work done contesting the motion should be denied inasmuch as Children's Hospital did not prevail on its defense to the motion.[4]

---

**3.** In *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943 (N.D.Cal.1983), the Court reached an opposite interpretation of the statute. That interpretation was not necessary to the Court's result, however, since the plaintiff in that case had assets under $5 million *and* fewer than 500 employees. The Court in *Hoopa Valley Tribe* also recognized that its interpretation presented

the "potential problem" of defeating the "Congressional purpose to limit eligibility to those otherwise lacking the resources to challenge government actions." 569 F.Supp. at 946 n. 3.

**4.** An appropriate Order will be entered on remand.