**LOCAL 3–98, INTERNATIONAL WOOD-WORKERS OF AMERICA, AFL–CIO, Plaintiff,**

v.

**Raymond J. DONOVAN, Secretary of Labor, and California Employment Development Department, Defendants.**

**No. C 81–4038 SAW.**

United States District Court,
N.D. California.

Feb. 21, 1984.

John Wm. Cumming, Eureka, Cal., Patricia Burgess, Sacramento, Cal., Richard Pearl, Pearl, McNeill, Gillespie & Standish, Oakland, Cal., for plaintiff.

Robert Damus, Wendy Kloner, U.S. Dept. of Justice, Washington, D.C., Ralph Johnson, Deputy Atty. Gen., San Francisco, Cal., for defendants.

## MEMORANDUM AND JUDGMENT

WEIGEL, District Judge.

Plaintiff is a labor organization representing present and former woods product industry employees in Humboldt County, California. Defendant Raymond J. Donovan is the Secretary of Labor of the United States (Secretary). Defendant California Employment Development Department has been delegated certain of defendant Secretary's responsibilities for administering the Redwood Employee Protection Program (REPP), Title II, Redwood National Park Expansion Act of 1978, Pub.L. 95–250 (Park Act).

On October 8, 1981, plaintiff brought suit to enjoin defendants from implementing a REPP regulation promulgated by the Secretary under the Park Act. On December 14, 1981, the Court found that the regulation was inconsistent with the Act and hence exceeded the Secretary's authority. On July 1, 1983, that judgment was affirmed on appeal to the Court of Appeals for the Ninth Circuit. *Local 3–98, International Woodworkers of America v. Donovan*, 713 F.2d 436, 440 (9th Cir.1983).

By its present motion, plaintiff contends that the Secretary is liable for an award of attorneys' fees on each and all of the following bases: (1) the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A); (2) the Civil Rights Attorneys' Fees Awards Act, 42 U.S.C. § 1988, made applicable by the EAJA, 28 U.S.C. § 2412(b); (3) the "color of federal law" interpretation of section 2412(b) discussed in *Lauritzen v. Secretary of the Navy*, 546 F.Supp. 1221 (C.D.Cal.1982); and (4) the "common benefit" doctrine, also made applicable by section 2412(b). In response, the Secretary

disputes plaintiff's entitlement to any fee as well as to the amounts requested.

■ Plaintiff is entitled to an award of attorneys' fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A), which provides that a court "shall" award an eligible private prevailing party attorneys' fees and other litigation expenses unless some other statute specifically provides otherwise or the "court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." No other statute specifically provides otherwise and the Secretary makes no claim of any such special circumstance but does contend that the position of the United States was substantially justified.

■ It is the Secretary's burden to establish that justification. *Hoopa Valley Tribe v. Watt*, 569 F.Supp. 943, 946 (N.D. Cal.1983). The parties are in disagreement as to whether it is defendant's litigation position or the underlying agency conduct which must be "substantially justified." The Secretary urges that it is the former. However, as the Ninth Circuit recently pointed out, for "practical purposes, the distinction ... makes little difference. Courtroom attempts to defend unreasonable agency actions usually will be unreasonable also." *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir.1983).

This case involved a regulation promulgated by the Secretary under section 202 of the Park Act authorizing the Secretary to develop the procedures necessary to implement the REPP. The REPP provides income and benefit maintenance, retraining, and job relocation assistance for employees losing jobs as a result of the expansion of the Redwood National Park. The propriety of the regulation turned on the parties' opposing constructions of section 203 of the Park Act. That section concerned a "window period" which created a conclusive presumption of benefit eligibility for certain employees.

Section 213(f) of the Park Act states that "[i]n all cases where two or more constructions of the language of this title would be

reasonable, the Secretary shall adopt that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title." In *Lanning v. Marshall,* 650 F.2d 1055 (9th Cir.1981), decided before this action was brought, the court made it clear that this section meant what it said and that the courts were to review the Secretary's choice between two reasonable constructions to ascertain that he selected the one more favorable to employees. *Id.* at 1057–58, n. 4.

In this case, there was virtually no basis for disputing either that plaintiff's construction was reasonable or that it was more favorable to employees. The construction urged by plaintiff previously had been adopted by the Secretary and was consistent with the intent of Congress. Plaintiff's construction was also supported by statements of the Park Act's primary sponsor and of park expansion's leading congressional opponent. The Secretary's new construction was, at best, "incongruous" in light of the statute's purposes. *Local 3–98, supra,* 714 F.2d at 440.

Plaintiff's construction was also unquestionably more favorable to employees. The Secretary's construction would have penalized employees who returned to work and subsequently were laid off again after the close of the window period. The Secretary proposed to deprive these employees of the statutory presumption of benefit entitlement and instead to put such employees to the "nearly impossible burden of proving conclusively, within fifteen days, that the layoff was due to Park expansion." (Judgment of December 14, 1981, p. 6.) Plaintiff's construction avoided this penalty.

While the Secretary goes to some length to demonstrate that his construction was "reasonable", the record is devoid of any reasonable basis in law and fact for his insistence on making the prohibited selection between two claimed "reasonable" alternatives. It was this position which was at stake in the lawsuit. It was not "sub-stantially justified." Consequently, plaintiff is entitled to an award of reasonable attorneys' fees and costs under 28 U.S.C. § 2412(d)(1)(A).

Because the Court finds that plaintiff is eligible for an award of attorneys' fees under the Equal Access to Justice Act, the Court need not determine plaintiff's eligibility for an award under the other theories advanced. However, the Court is satisfied that an award of fees is also justified under the "common benefit" doctrine, *see e.g., Keith v. Volpe,* 501 F.Supp. 403 (C.D.Cal. 1980), and under the construction of 28 U.S.C. § 2412(b) adopted in *Lauritzen v. Secretary of the Navy,* 546 F.Supp. 1221 (C.D.Cal.1982).

The Secretary contends that the amount of the award sought by plaintiff is improper for four reasons.

■ First, the Secretary contends that fees may not be awarded for work performed before October 1, 1981, the effective date of the EAJA. The Court rejects this contention as it is against the clear weight of authority. *See e.g. Berman v. Schweiker,* 713 F.2d 1290, 1302–03 (7th Cir. 1983).

■ Next, the Secretary objects to an award for counsel's out of pocket travel and telephone costs, on the ground that they are not authorized by section 2412(d)(2)(A). The expenses listed in section 2412(d)(2)(A) are set forth as examples, not as an exclusive list. *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943, 947 (N.D. Cal.1983). The award will include these expenses.

■ Defendant's third argument is that the award should not include fees for work connected to the motion for attorneys' fees. The Ninth Circuit has not addressed the propriety of such an award under the EAJA. Other courts have made such awards under the EAJA. *See e.g., United States v. Pomp,* 538 F.Supp. 513, 515 (M.D. Fla.1982). The Ninth Circuit, in addressing another statutory provision for attorneys' fees awards, has recognized that if fees for fee related services are not awarded, de-

fendants could dilute the value of any award by extended litigation over the fee issue, thus defeating the statutory purpose. *Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir.1981). There is nothing in the legislative history to the EAJA to indicate that a different policy should be followed here. The Court will award fees incurred in connection with obtaining an award of fees.

The Secretary's final contention is that the hourly rate and multiplier proposed by plaintiff are improper under 28 U.S.C. § 2412(d)(2)(A)(ii) because the resulting fee exceeds an award of $75 per hour. Under the EAJA, an award of attorneys' fees shall not exceed $75 per hour unless "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).

Attorney Cumming was plaintiff's primary counsel in this action. Attorneys Burgess and Pearl rendered assistance in portions of the litigation in which they had special expertise. Attorneys Cumming and Burgess charged below market-rate fees for those services they rendered prior to February 10, 1982. They seek now to increase the fees claimed for this period by a small factor in order to compensate for the delay in receipt and for inflation. The resulting rate, $60 per hour, does not exceed the statutory rate.

In respect of services rendered since that date, plaintiff seeks fees of $125 per hour for Attorney Cumming and $90 per hour for Attorney Burgess. Special factors support an award of fees in these amounts here. Plaintiff's action vindicated the rights of thousands of workers and apparently saved defendant over Two Million Dollars in administrative costs. Counsels' expertise permitted them to obtain this result quickly and efficiently. Attorneys without this expertise undoubtedly would have "expended a far greater number of hours to achieve the same result, albeit at a lower rate. Consequently, the cost to the government would have been substantially greater." *Hoope Valley Tribe, supra,* 569 F.Supp. at 947. This factor justifies exceeding the $75 ceiling *Id.* Additionally, these attorneys took the case on a quasi-contingent fee basis, their full and fair remuneration turning on whether they prevailed in the action and were subsequently able to obtain an award of fees. Expert declarations on file demonstrate that this factor normally would result in an increase in the hourly rate charged. The Court will multiply the basic hourly rates by 1.25 to account for the quasi-contingent nature of the fees.

Attorney Pearl has supervised the preparation of and edited two manuals on attorneys' fees awards. He is currently preparing the supplement for the Continuing Education of the Bar handbook on the subject. He seeks an award of $125 per hour for his work in connection with this motion. As with the awards to Cumming and Burgess, an award in excess of $75 is justified by the overall time savings such an expert effects.

The calculations of fees is as follows:

Prior to February 10, 1982:

| | Hours | Rate | Multiplier | Total |
|---|---|---|---|---|
| John Wm. Cumming | 152.5 | $50.00 | 1.20 | $ 9,150.00 |
| Patricia Burgess | 33 | 50.00 | 1.20 | 1,980.00 |
| | | | | $11,130.00 |

February 11, 1982 to December 16, 1983:

| | Hours | Rate | Multiplier | Total |
|---|---|---|---|---|
| John Wm. Cumming | 123.75 | $125.00 | 1.25 | $19,335.94 |
| Patricia Burgess | 13.25 | 90.00 | 1.25 | 1,490.63 |
| Richard M. Pearl | 57.6 | 125.00 | – – | 7,200.00 |
| | | | | 28,026.57 |

Since December 16, 1983:

| | Hours | Rate | Multiplier | Total |
|---|---|---|---|---|
| John Wm. Cumming | 9.75 | 125.00 | – – | 1,218.75 |
| Richard M. Pearl | 32 | 125.00 | – – | 4,000.00 |
| | | | | 5,218.75 |

The costs recoverable are as follows:

| | |
|---|---|
| John Wm. Cumming | 1,737.52 |
| Richard M. Pearl | 88.17 |

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Defendant Raymond J. Donovan, Secretary of Labor, pay to plaintiff's attorneys, John Wm. Cumming and Patricia Burgess, attorneys' fees and costs in the sum of $34,912.84 together with interest at the legal rate from the date hereof.

2. Defendant Secretary pay to plaintiff's special counsel, Pearl, McNeill, Gillespie and Standish, attorneys' fees and costs in the sum of $11,288.17 for work performed on the attorneys' fees matter, together with interest at the legal rate from the date hereof.