DEBORAH PRICE *vs.* WILLIAM B. COLE.

No. 89-P-1008.

Middlesex. February 5, 1991. - July 2, 1991.

Present: PERRETTA, KASS, & GREENBERG, JJ.

*Bankruptcy*, Stay of other proceedings. *Practice, Civil*, Stay of proceedings, Special questions to jury, Appeal, Frivolous action. *Attorney at Law*, Compensation.

In the circumstances of a personal injury action, during the trial of which the defendant had filed a voluntary petition under 11 U.S.C. § 301, in the United States Bankruptcy Court, the judgment subsequently entered on the plaintiff's verdict was not void under the automatic stay provisions of 11 U.S.C. § 362(a), but rather its effect was merely suspended until the Bankruptcy Court judge granted relief from the stay under 11 U.S.C. § 362(d). [3-5]

At a civil trial the judge acted within his discretion to ask for a general verdict accompanied by written interrogatories pursuant to Mass.R.Civ.P. 49(b), in order to preserve issues germane to subsequent proceedings. [5-6]

A plaintiff in a civil action was awarded fees and costs by this court under Mass.R.A.P. 25, where the defendant's appeal was frivolous. [6-7]

CIVIL ACTION commenced in the Superior Court Department on March 26, 1981.

The case was tried before *Katherine Liacos Izzo*, J.

*John J. Finn (Gina E. Carello* with him) for the defendant.

*Natasha C. Lisman* for the plaintiff.

KASS, J. About noon on the seventh day of trial of a motor vehicle tort case, just before final arguments, the defendant Cole, through counsel, reported that he had filed as a bankrupt under chapter seven of the Bankruptcy Code. More specifically, he had brought a voluntary petition in the United States Bankruptcy Court for the Northern District of Georgia, pursuant to 11 U.S.C. § 301 (1988), for relief under 11 U.S.C. §§ 701 et seq. (1988).

The bankruptcy filing placed in motion the automatic stay machinery provided for in 11 U.S.C. § 362 (1988), and defense counsel requested cessation of the Superior Court proceedings. Nevertheless, the Superior Court judge, having gone so far with the case, ordered counsel to make their arguments and put the case to the jury.[1] The latter, responding to special questions, found the defendant had been negligent, that he had been intoxicated at the time of the accident, and assessed damages of $5,500,000. Judgment entered on the verdict on June 13, 1988, six days after the bankruptcy filing.

As the product of State court action after the automatic stay, the judgment was invalid. The plaintiff moved in the bankruptcy action under 11 U.S.C. § 362(d) to annul the automatic stay as to the Massachusetts action and, thereby, to validate the judgment. That motion was allowed. On appeal,[2] the defendant's most urgently pressed claim of error is that the Superior Court judge, when informed of the bankruptcy filing, was bound to suspend proceedings in the trial

---

[1] After closing arguments, and before the judge delivered her charge to the jury, defense counsel filed a written suggestion of bankruptcy and moved for a mistrial on the basis of the bankruptcy proceeding and consequent automatic stay. The motion was denied.

[2] The appeal is from the denial of a timely motion, made June 16, 1988, to set aside the verdict and to vacate the judgment because both steps, taken after the automatic stay, were void. The motion was denied June 27, 1988.

before her and that the subsequent action (it occurred on February 1, 1989) of the Bankruptcy Court judge could not breathe lawful life into a judgment which had not come lawfully into existence. We are of opinion that § 362(d) of the Bankruptcy Code has precisely such restorative powers, and we affirm the judgment entered in the Superior Court.

1. *Retroactive effect of an order under § 362(d) of the Bankruptcy Code annulling an automatic stay.* Any act taken after an automatic stay is conventionally understood to violate 11 U.S.C. § 362(a), and, therefore, to be void. *Kalb* v. *Feuerstein*, 308 U.S. 433, 443 (1940)(construing the automatic stay provision in prior bankruptcy law). *Amonte* v. *Amonte*, 17 Mass. App. Ct. 621, 624 (1984). *Irving Levitt Co.* v. *Sudbury Mgmt. Assoc., Inc.*, 19 Mass. App. Ct. 12, 15-16 (1984). *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 976 (1st Cir. 1982). *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984). *In re Roxe Homes, Inc.*, 74 Bankr. 810, 814-815 (D. Mass. 1987). The language of § 362(a) is sweeping: "[A] petition filed . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial . . . proceeding against the debtor. . . ." State courts, when notified of a pertinent bankruptcy filing, are obliged to abate pending actions involving the debtor and, if not informed, are required, after they become informed, to rescind actions taken after the date of the automatic stay. *A. Musto Co.* v. *Pioneer Coop. Bank*, 7 Mass. App. Ct. 926, 927 (1979). *Butzloff* v. *Quandt*, 397 N.W.2d 159, 160 (Iowa 1986).

General propositions of law, however, usually have limiting cases, as the one at bar illustrates. The automatic stay does not, if closely examined, render void action of a State court taken after the stay in the sense of an incurable nullification. Rather, the stay suspends effectiveness of the State court action, subject to a discretionary cure by a Bankruptcy Court judge. *David* v. *Hooker, Ltd.*, 560 F.2d 412, 418 (9th Cir. 1977). *In re Albany Partners, Ltd.*, 749 F.2d at 675. *Sikes* v. *Global Marine, Inc.*, 881 F.2d 176, 179 (5th Cir. 1989). *Phillipe* v. *Anderson*, 227 N.J. Super. 251, 254-255 (1988).

Power to effect a discretionary cure of action invalidated
by an automatic stay is expressly conferred on a Bankruptcy
Court judge by § 362(d) of the Bankruptcy Code, which au-
thorizes "relief from the stay . . . by terminating, annulling,
modifying, or conditioning such stay. . . ." Use in the stat-
ute of the word "annulling" as an alternative to "terminat-
ing" conveys the statutory purpose of enabling the judge to
give retroactive effect to an order to annul, so that the State
(or other) action is validated as of the date when it was
taken. *In re Albany Partners, Ltd.*, 749 F.2d at 675. *Sikes* v.
*Global Marine, Inc.*, 881 F.2d at 179. 2 Collier, Bankruptcy
§ 362.07 (15th ed. 1991). "Annulling" means to declare that
something has never existed. See *Callow* v. *Thomas*, 322
Mass. 550, 553 (1948). American Heritage Dict. 112 (2d
College ed. 1982).

Given the power of the Bankruptcy Court to validate her
action, the Superior Court judge acted prudently in not wast-
ing the substantial investment that had been made by the
plaintiff and the public in the trial of the case. The purpose
of the automatic stay, to give a creditor a breathing spell
from his creditors,[3] was not in the least implicated. Cole, the
defendant, was not placed under financial pressure by having
his lawyer make a closing argument that must already have
been prepared and having the jury deliberate on the case.
The judgment was not self-executing and did not automati-
cally make demands on the debtor's estate. Indeed, it is diffi-
cult to understand what purpose Cole had to seek bankruptcy
protection at precisely that juncture, other than a cynical de-
sire to avoid the consequences of a trial that seems to have
gone badly for him.

All this the Bankruptcy Court judge fully appreciated. In
his order, he wrote that "It would cause great expense to
both [p]arties to have to retry this matter . . . . The Court
finds that the prejudice to [Cole] is far outweighed by the
prejudice to [Price] if the stay were not annulled. The court

---

[3]See H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), reprinted in
1978 U.S. Code Cong. & Admin. News 5963, 6296-6297. *In re Stringer*,
847 F.2d 549, 551-552 (9th Cir. 1988).

also finds it would be a gross waste of judicial time and resources to require another trial when [Cole] fully participated in the trial before the Superior Court. Such a result would indeed be ludicrous."[4]

2. *Special questions to the jury.* At the request of the plaintiff, the trial judge submitted to the jury, in addition to a general verdict slip, five written questions on specific matters of fact, i.e., the judge asked for a general verdict accompanied by written interrogatories. Mass.R.Civ.P. 49(b), 365 Mass. 813 (1974). The defendant objected on the ground that this was not necessary and presses that point on appeal. Both as to whether special questions shall be put to a jury and the form and content of those questions, the trial judge has wide discretion. *Everett* v. *Bucky Warren, Inc.*, 376 Mass. 280, 291-292 (1978). *Terrio* v. *McDonough*, 16 Mass. App. Ct. 163, 177 (1983). Two of the questions dealt with whether Cole was intoxicated at the time of the accident and whether that condition contributed to the accident. There had been evidence of intoxication and the jury could consider intoxication as a factor in determining negligence. See *Niland* v. *Cox*, 336 Mass. 169, 171 (1957); *Petras* v. *Storm*, 18 Mass. App. Ct. 330, 335-336 (1984). There was a more direct reason for isolating the intoxication factor. Under § 523(a)(9) of the Bankruptcy Code, 11 U.S.C. § 523 (1988), a debt arising from a judgment based on liability incurred because of driving while intoxicated is not discharged in bankruptcy. *In re Richards*, 59 Bankr. 541, 543 (N.D.N.Y. 1986). It was within the judge's discretion to use special questions to preserve issues germane to subsequent proceedings. See *McCue* v. *Prudential Ins. Co. of America*, 371 Mass. 659, 666 (1976). *Herber* v. *Johns-Manville Corp.*, 795 F.2d 79, 88 (3d Cir. 1986).

---

[4]The Bankruptcy Court judge leaves no doubt that his purpose is to restore the effect of the Massachusetts judgment which the automatic stay placed in suspense. As the plaintiff has observed in her appellee's brief, a State court would be on untenable ground in concluding that the Bankruptcy Court order did not have its declared effect. That would be a subject for consideration by a United States District Court. See 28 U.S.C. §§ 157(b)(2)(G), 158(a), and 1334(a)(1988).

Such slight confusion as the jury manifested about one of the written questions was adequately addressed by the trial judge. The subject was the meaning of "substantial" in the question: "If so, was the defendant William Cole's intoxication a substantial contributing factor in the happening of the motor vehicle collision?" The judge's directions to the jury, fairly viewed, did not encourage the jury to find that Cole had been intoxicated at the time of the collision.

3. *Sanctions.* The plaintiff has asked for an award of counsel fees on appeal under Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979). See the discussion in *Allen* v. *Batchelder,* 17 Mass. App. Ct. 453, 458-459 (1984). The defendant answers that his appeal was not frivolous because it reaches new ground in two areas: (1) no Massachusetts decision has dealt with the retroactive effect of the annulment of an automatic stay; and (2) no Massachusetts case has previously spoken to the question whether special questions should be asked about intoxication in a motor vehicle accident case so as to preserve the resolution of that issue in pending bankruptcy proceedings.

Considering first the issue of the effect of an annulment order under § 362 of the Bankruptcy Code, although the question, indeed, had not been the subject of discussion in Massachusetts opinions, that is hardly to be wondered at. The topic is one of Federal law (see note 4, *supra*). In the Federal cases, as we have seen, the point had been decided. This could not have been a mystery to the defendant because the order of the Bankruptcy Court judge cited to *In re Albany Partners, Ltd.,* 749 F.2d at 675, and the act of "Shepardizing" that opinion would have revealed that it had been followed in other circuits and in the bankruptcy courts. Modest inquiry would have educated the defendant that the question he was presenting was not "novel, unusual or ingenious." *Allen* v. *Batchelder,* 17 Mass. App. Ct. at 458. The appeal from the Superior Court judgment on the ground that it could not be validated *after* the Bankruptcy Court had acted, against the background of the retreat into bankruptcy in the first instance, bespeaks the use of judicial process to de-

lay. Turning to the special questions issue, a cursory consideration of § 523(a)(9) clarifies the utility of obtaining a finding on intoxication when bankruptcy is in the wind. While the content of § 523(a)(9) is not necessarily in the intellectual inventory of the average informed Massachusetts lawyer, it had certainly been called to the attention of the defendant before he took this appeal.

We conclude that the appeal is frivolous and that the plaintiff may have her legal fees on appeal. Her counsel have submitted an affidavit of time and charges that aggregates 168.9 hours and $597.01 in out-of-pocket costs and disbursements. The hourly charges range from $175 per hour for lead counsel to $90 per hour for an associate and $60 per hour for a paralegal and law clerks. The rates are reasonable. It is less clear that it was necessary to unleash more than five persons on the appeal. We do not presume to second guess how a law firm chooses to marshal its resources on a case, but, when a party other than the one who hired the lawyer is required to pay the fee, conservative criteria are in order. *Grimes* v. *Perkins Sch. for the Blind*, 22 Mass. App. Ct. 439, 440 (1986). We, therefore, establish $3,000 plus double the disbursements of $597.01 as the fees and costs to be assessed against the defendant. See generally *Mulhern* v. *Roach*, 398 Mass. 18, 24-31 (1986); *Olmstead* v. *Murphy*, 21 Mass. App. Ct. 664, 666-668 (1986); *Bird* v. *Bird*, 24 Mass. App. Ct. 362, 370-371 (1987).

The judgment is affirmed, and the plaintiff shall have from the defendant an additional sum of $4,194.02 on account of legal fees and costs incident to the appeal.

*So ordered.*