854 A.2d 481

## VITAC CORPORATION

### v.

## WORKERS' COMPENSATION APPEAL BOARD (ROZANC)

**Appeal of Sheila Rozanc.**

Supreme Court of Pennsylvania.

Argued March 1, 2004.

Decided July 22, 2004.

James R. Burn, Pittsburgh, for Sheila Rozanc, Appellant.

Amber Marie Kenger, Pittsburgh, Richard C. Lengler, Harrisburg, for W.C.A.B., Appellee.

Joseph A. Fricker, Jr., Pittsburgh, for Vitac Corp., Appellee.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

### *OPINION*

Justice SAYLOR.

This appeal was allowed to determine whether paraprofessional fees may be recovered as a component of an award of attorney's fees under Pennsylvania's Workers' Compensation Act.

Appellant Sheila Rozanc ("Claimant") was employed as a stenocaptioner by Appellee Vitac Corporation ("Employer"). In June of 1998, Claimant sustained a work-related injury and received workers' compensation benefits pursuant to a notice of compensation payable, which described her injury as carpal tunnel syndrome of the right wrist. On September 30, 1998, Employer filed a petition to suspend Claimant's benefits, on the basis that she refused reasonable medical treatment, namely, carpal tunnel release surgery. Employer subsequently amended its suspension petition to request, in the alternative, modification of Claimant's workers' compensation benefits, alleging that Claimant had been offered a modified-duty position. In the interim, however, Claimant requested attorney's fees pursuant to Section 440(a) of the Worker's Compensation Act,[1] 77 P.S. § 996(a), asserting that Employer's contest was unreasonable. That provision states:

> In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards ..., the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition

1. Act of June 2, 1915, P.L. 736 (*as amended,* 77 P.S. §§ 1–1041.4) (the "Act").

to the award for compensation, a reasonable sum for costs incurred for attorneys fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

77 P.S. § 996(a).

By order dated August 26, 1999, the workers' compensation judge ("WCJ") granted the modification petition in part, denied the suspension petition, and awarded Claimant attorney's fees based upon a finding that Employer's contest was unreasonable. With respect to the modification petition, the WCJ found that, as of January 27, 1999, Claimant was entitled to only partial disability benefits due to the availability of a modified-duty position at reduced earnings.[2] Concerning the suspension petition—which was based solely upon Claimant's alleged refusal of reasonable medical treatment—the WCJ found that Claimant had been willing to undergo carpal tunnel release surgery, but that Employer and its insurer had effectively precluded such treatment by refusing to pay for the procedure. Thus, the WCJ determined that Employer had acted in bad faith in pursuing suspension of benefits and, accordingly, ordered Employer to pay, *inter alia*, the entire amount of Claimant's attorney's fees, which totaled $4,200.00. The WCJ denied Claimant's request for reimbursement of paralegal and law clerk fees, however, as Section 440(a) does not specifically provide for the award of such fees.

The Workers' Compensation Appeal Board ("WCAB") affirmed the denial of the suspension petition and the grant in part of the modification petition, but reversed the WCJ's determination that the entire contest was unreasonable, noting that Employer ultimately prevailed in its effort to modify benefits. Thus, the WCAB remanded the matter to the WCJ with instructions to award to Claimant only that portion of the

2. The WCJ additionally determined that Claimant was not entitled to any compensation benefits as of April 6, 1999, when she began working for another employer at a higher salary than she earned before her injury.

attorney's fees attributable to the defense of the suspension petition. Additionally—and critically for this appeal—the WCAB directed that, pursuant to Section 440(a), Claimant should recover any paralegal and law clerk fees associated with the awardable portion of attorney's fees, observing that "it is to the advantage of all employers in the Commonwealth to reduce attorney's fees by the usage of paralegals or law clerks, whose hourly rate[s] are much lower than that of an attorney." Thus, on remand the WCJ awarded attorney's fees in the amount of $1,134.00, a sum which included $92.00 in law clerk and paralegal fees.[3]

On appeal, a panel of the Commonwealth Court affirmed the WCJ's order in all respects, except as to the inclusion of paraprofessional fees within the award of the attorney's fee. The court noted that the text of Section 440(a) plainly authorizes the shifting of attorney's fees and other specific costs, but is silent regarding paralegal and law clerk fees. Therefore, applying the principle *expressio unius est exclusio alterius,* the Commonwealth Court held that the WCAB's award of paralegal and law clerk fees was improper and, accordingly, reduced the fee award to $1,042.00. *See Vitac Corp. v. WCAB (Rozanc),* 817 A.2d 1205, 1212–13 (Pa.Cmwlth.2003).

As noted, we granted Claimant's petition for allowance of appeal to address the availability of paraprofessional fees under Section 440(a), an issue of first impression in the Commonwealth.

In support of her position that the Commonwealth Court erred in excluding paralegal and law clerk fees from the term "attorney's fee" as used in Section 440(a), Claimant relies primarily upon *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989), in which the United States Supreme Court interpreted a similar fee-shifting provision of the federal Civil Rights Attorney's Fees Awards Act, 42 U.S.C. 1988, to subsume fees charged for the work of paralegals, law clerks, and recent law graduates. The Supreme Court explained:

---

**3.** The WCJ's apportionment of fees between litigation of the suspension petition and the modification petition is not at issue here.

Clearly, a "reasonable attorney's fee" cannot have been meant to compensate only work performed by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client.... We thus take as our starting point the self-evident proposition that the "reasonable attorneys fee" provided for by statute should compensate the work of paralegals, as well as that of attorneys.

*Jenkins,* 491 U.S. at 285, 109 S.Ct. at 2470. Additionally, echoing the reasoning of the WCJ and citing to other federal precedent, Claimant urges that " 'the lower rates sought for law clerk services are reasonable and should be compensated as part of attorney's fees because the use of such services is a cost-efficient component of the modern practice of law.' " Brief of Claimant at 10 (quoting *Hoopa Valley Tribe v. Watt,* 569 F.Supp. 943, 947 (N.D.Cal.1983) (applying the fee-shifting provision of the federal Equal Access to Justice Act, 28 U.S.C. 2412)).

Employer advances the Commonwealth Court's position that the statute on its face enumerates specific types of costs for which reimbursement is allowed, but makes no mention of fees for the work of paraprofessionals such as paralegals and law clerks. According to Employer, this omission reflects a legislative intent that such fees should not be subject to shifting. Employer thus asserts that a plain-text analysis of the statute leaves little doubt that paraprofessional fees are entirely excluded from the provision under review, and submits that such a construction would be consistent with other cases in which this Court has interpreted the terms of Section 440(a) strictly. As an example, Employer cites to *Phillips v. WCAB (Century Steel),* 554 Pa. 504, 510–11, 721 A.2d 1091, 1094 (1999), in which this Court determined that Section 440 protects claimants, but not employers, from the costs of frivolous litigation. As for the Supreme Courts *Jenkins* decision, Employer notes that the dissent in that case was of the

opinion that "attorneys fee" customarily indicates the fee charged by an attorney, and to construe it otherwise amounted to "linguistic juggling." *Jenkins,* 491 U.S. at 296, 109 S.Ct. at 2476 (Rehnquist, C.J., dissenting). Finally, Employer argues that, like any other fee-shifting statute, Section 440(a) abrogates the common law rule that the parties bear their own costs and, as such, must be strictly construed.

As a threshold matter, Employers effort to exclude paraprofessional fees entirely from the purview of Section 440(a) draws little support from the *Jenkins* dissent. Indeed, the dissenting opinion fully accepted that such services were properly within the purview of the fee-shifting statute under review, and reasoned only that remuneration for those services should be obtained by including them as a component of attorney office overhead rather than as a separate billing item or category. *See Jenkins,* 491 U.S. at 296, 109 S.Ct. at 2476 (Rehnquist, C.J., dissenting) (suggesting that "a prudent attorney customarily includes compensation for the cost of law clerk and paralegal services, like any other sort of office overhead—from secretarial staff, janitors, and librarians, to telephone service, stationery, and paper clips—in his own hourly billing rate").[4]

Certainly the position of the *Jenkins* dissent that remuneration for paraprofessional services should be channeled through overhead is in tension with Claimant's arguments here. Contrary to that dissenting position, however, in common experience segregation of paraprofessional services from overhead in accounting for legal services has emerged as a prevailing custom. Presumably, the practice reflects, among other things, a desire to apportion, as fairly and accurately as possible, charges for such services to the clients on whose behalf the services were rendered.

Again, both the majority and dissenting positions in *Jenkins* proceed on the assumption, with which we agree, that

---

4. The relevant legal question that divided the Justices in *Jenkins* concerned whether paraprofessional services should be compensated at market rate versus at their cost to the attorneys. *See Jenkins,* 491 U.S. at 284, 109 S.Ct. at 2469.

the general use of the term "attorney's fees" in a fee-shifting statute functions as an umbrella capturing a range of costs expended and services performed in producing attorney work product. Thus, as observed by the Justices in that case, general costs such as those expended for office supplies and secretarial work are ordinarily folded into the hourly rate which an attorney charges the client. That the General Assembly did not delineate the specific boundaries for the range of costs subject to compensation as an attorney's fee under Section 440(a) means only that we proceed by reference to pertinent principles of statutory interpretation. *See O'Rourke v. Commonwealth*, 566 Pa. 161, 172, 778 A.2d 1194, 1201 (2001).

In interpreting statutory language, the Courts ultimate objective is to "ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). In ascertaining legislative intent, the Court must be guided by the primary purpose of the statute, *see* 1 Pa.C.S. § 1921(c)(4), and may consider, among other things, the consequences of a particular interpretation, *see* 1 Pa.C.S. § 1921(c)(6), as well as any administrative interpretations of the statute, *see* 1 Pa.C.S. § 1921(c)(8). Moreover, it must presume, *inter alia*, that the General Assembly intended to favor the public interest as against any private interest, *see* 1 Pa.C.S. § 1922(1), and did not intend an unreasonable result. *See* 1 Pa.C.S. § 1922(5).

In our view, these factors weigh in favor of interpreting the phrase, "attorney's fee," to include reasonable charges by an attorney for legal work performed by paraprofessionals. That the WCAB—which is part of the agency with primary responsibility for administering the Act—has arrived at such conclusion is entitled to some deference, as noted above. This construction is also consistent with the "clear intent" of the provision at issue to protect the claimant from the costs of defending against bad-faith filings challenging legitimate compensation for injuries sustained. *Phillips*, 554 Pa. at 510, 721 A.2d at 1094. In this regard, it seems evident that, if paraprofessional fees were excluded from the fee shifting provision, a claimant might have to bear a substantial portion of such

litigation costs, thus eroding the benefits that the General Assembly has elected to confer upon employees in exchange for the elimination of the latter's common law negligence remedies against the employer. *See Thompson v. WCAB (USF&G Co.)*, 566 Pa. 420, 429, 781 A.2d 1146, 1151 (2001). It is also worth noting that allowing the recovery of paraprofessional fees as a component of statutory attorney's fees is likely to promote the public's interest in efficient lawyering by helping to ensure that some tasks will be assigned to lower-cost personnel. *Accord Jenkins*, 491 U.S. at 288, 109 S.Ct. at 2471.

Nor are we persuaded by Employers contention that a strict construction of the "attorney's fee" proviso must obtain because the common law rule directed that each litigant pay his own costs.[5] Other factors, such as those addressed above, are appropriately considered in construing the statute under review, and many of these are in substantial tension with the principle relied upon by Employer. Furthermore, Employer's reliance upon *Phillips* for the position that this Court has purportedly applied a narrow interpretation to Section 440(a) in the past is misplaced. The *Phillips* court determined that Section 440 was designed to protect claimants from the cost of frivolous litigation, but not to provide similar protection to employers. It did so based upon the statute's provision for fee shifting in one direction only. The Court simply was not presented with an ambiguous term.

We thus conclude that reimbursement of paraprofessional services is not precluded as a matter of law under Section 440 in instances where the attorney effectively passes such costs on to clients as a component of overhead reflected in a higher hourly rate for the attorney's own time. The only remaining issue, then, is whether the General Assembly intended to foreclose such reimbursement if (and only if) these expenses are instead passed on via separate line items on the attorney's bill. We find nothing in the Act to suggest a

5. This precept does not apply to statutes enacted after September 1, 1937. *See* 1 Pa.C.S. § 1928(a). The Act, however, was enacted prior to that date. *See supra* note 1.

legislative intent to discourage application of the latter, and often more exact, method of charging for attorney work product. Indeed, to treat these two situations differently would mean that the portion of fees subject to reimbursement would depend upon the fortuity of the attorney's billing method and/or the billing custom in the specific market in which the attorney works. We think it unlikely that the Legislature intended such a result.

Finally, it should not be overlooked that the General Assembly has circumscribed all fee awards in the workers' compensation setting according to an overarching requirement of reasonableness. *See* 77 P.S. 996(a) (authorizing workers' compensation judges to award "a reasonable sum" for, *inter alia*, attorney's fees). The Pennsylvania Legislature has therefore provided a means for addressing any concerns regarding potential unfair billing practices, such as those identified by the *Jenkins* dissent pertaining to double recovery for paralegal time. *See, e.g., Jenkins,* 491 U.S. at 296, 109 S.Ct. at 2476 (Rehnquist, C.J., dissenting).

Accordingly, we hold that the term "attorney's fee" in Section 440(a) of the Workers' Compensation Act includes reasonable fees for legal services rendered by paraprofessionals such as paralegals, law clerks, and recent law graduates.[6]

6. This holding is consistent with the decisions of courts in other jurisdictions which have interpreted similar statutory fee-shifting provisions in a variety of settings. *See, e.g., In re Busy Beaver Bldg. Ctrs.,* 19 F.3d 833, 848 (3d Cir.1994) (awards to certain trustees under the Bankruptcy Code); *Hoopa Valley Tribe,* 569 F.Supp. at 947 (actions under the Equal Access to Justice Act); *Baldwin v. Burton,* 850 P.2d 1188, 1199 (Utah 1993) (bad-faith civil actions or defenses); *Continental Townhouses East Unit One Ass'n v. Brockbank,* 152 Ariz. 537, 733 P.2d 1120, 1127 (Ct.App.1986) (actions on a contract); *Salton Bay Marina v. Imperial Irrigation Dist.,* 172 Cal.App.3d 914, 951, 218 Cal.Rptr. 839 (1985) (inverse condemnation actions); *Gill Sav. Ass'n v. International Supply Co.,* 759 S.W.2d 697, 704 (Tex.Ct.App.1988) (lien foreclosures); *Price v. Cole,* 31 Mass.App.Ct. 1, 574 N.E.2d 403, 407 (1991) (sanctions for frivolous appeals); *In re Marriage of Ahmad,* 198 Ill.App.3d 15, 144 Ill.Dec. 320, 555 N.E.2d 439, 444 (1990) (appeals in marital dissolution matters); *Taylor v. Chubb Group of Ins. Cos.,* 874 P.2d 806, 809 (Okla.1994) (actions to obtain insurance proceeds); *Blair v. Ing,* 96 Hawai'i 327, 31 P.3d 184, 191 (2001) (actions in assumpsit); *see also Cline v. Rocky Mountain, Inc.,* 998 P.2d 946, 950–51 (Wyo.

The order of the Commonwealth Court is reversed insofar as it held that these fees are not recoverable, and the fee award of the WCJ is reinstated.

Justice CASTILLE files a dissenting opinion.

Justice CASTILLE dissenting.

Because I believe that the plain and unambiguous language of Section 440(a) of the Workers' Compensation Act (the "Act") mandates a finding contrary to that of the Majority in this case, I respectfully dissent.

Section 440(a) provides that in a contested case where the workers' compensation claimant ultimately prevails in whole or in part, and the employer lacked a "reasonable basis" for the contest, certain enumerated costs shall be awarded to the successful claimant in addition to the compensation award. 77 P.S. § 996(a). Those costs expressly include "costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings." *Id.* The statute says nothing about compensating paraprofessional expenses which may have been incurred by the claimant's attorney.

The most basic tenet of statutory construction is that a court must effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a); *In re Canvass of Absentee Ballots of November 4, 2003 General Election,* 843 A.2d 1223, 1230 (Pa.2004); *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.),* 575 Pa. 66, 834 A.2d 524, 531 (2003). The plain language of a statute is usually the best indication of legislative intent. *Commonwealth v. Gilmour Manufacturing Co.,* 573 Pa. 143, 822 A.2d 676, 679 (2003). In addition, when a court is called upon to construe statutory language, [w]ords

2000) (construing a contractual attorney fee-shifting provision to subsume paraprofessional fees). *But see Bill Rivers Trailers, Inc. v. Miller,* 489 So.2d 1139, 1142 (Fla.Dist.Ct.App.1986); *Hines v. Hines,* 129 Idaho 847, 934 P.2d 20, 28 (1997) (finding *Jenkins* inapplicable to a state civil procedural rule pertaining to fee shifting); *Johnson v. Naugle,* 557 N.E.2d 1339, 1344 (Ind.Ct.App.1990) (construing narrowly a provision for attorney fee shifting in a civil action based upon criminal activity, as such provision is "largely a penal measure").

and phrases shall be construed according to rules of grammar and according to their common and approved usage.... *Id.* (*quoting* 1 Pa.C.S. § 1903). Further, [w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b); *see also Canvass of Absentee Ballots,* 843 A.2d at 1230 (*citing Scheipe v. Orlando,* 559 Pa. 112, 739 A.2d 475, 478 (1999)). Courts may resort to other considerations such as a statutes perceived purpose to divine legislative intent only when the words of the statute are not explicit. 1 Pa.C.S. § 1921(b). Thus, this Court has consistently held that the rules of statutory construction are to be utilized only where the statute contains an ambiguity. *Canvass of Absentee Ballots,* 843 A.2d at 1230 (*citing O'Rourke v. Commonwealth, Dept. of Corrections,* 566 Pa. 161, 778 A.2d 1194, 1201 (2001)); *see also Ramich v. Worker's Compensation Appeal Bd. (Schatz Electric, Inc.),* 564 Pa. 656, 770 A.2d 318 (2001); *Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84, 87 (1995).

Although the Majority identifies no ambiguity in the statute, it resorts to considerations other than the plain language of the provision in order to "interpret" the simple term "attorney's fee" as if it encompassed **both** attorneys' fees and paraprofessional fees, even though the latter is neither mentioned nor authorized. The Majority notes that in arriving at this extra-textual interpretation, it proceeds upon an "assumption" (accepted by the U.S. Supreme Court in *Missouri v. Jenkins,* 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989)), which construed similar language in a federal fee-shifting provision "that the general use of the term 'attorney's fees' in a fee-shifting statute functions as an umbrella capturing a range of costs expended and services performed in producing attorney work product." 578 Pa. at 580–81, 854 A.2d at 485.[1]

1. While this Court may look to decisions of the U.S. Supreme Court for guidance or persuasive legal support for novel propositions of state law facing this Court, we are not bound by those federal opinions, and we certainly should not follow them when they are clearly erroneous. The Majority's quotation from *Missouri v. Jenkins* contains the *reductio ad absurdum* which makes clear the error in the analysis: the *Jenkins*

There is no basis in the work product of our General Assembly for believing that it legislated upon this "umbrella" assumption. This statute sets forth very specific categories of recoverable costs, and that list does not include the costs which attorneys incur in employing paraprofessionals. The existence and role of paraprofessionals is not mysterious or arcane. When drafting this legislation, the General Assembly no doubt was well aware that lawyers and firms commonly employ paralegals and law clerks to perform certain tasks, and it could have included the costs of those services in its list of recoverable costs. It did not, and I think it unwise for this Court to step in and rewrite the legislation based upon policy concerns (whether sound or unsound), which our General Assembly was in a better, and more appropriate, position to evaluate and balance. The plain language of Section 440(a) does not support the Majority's expansive interpretation.

In my view, the cost to law firms of employing paraprofessionals is a cost of doing business just as the cost of employing secretaries, messengers, receptionists, janitors and other non-lawyer employees is a part of a law firm's business costs. Law firms are free to, and in fact regularly do, factor these business costs into their attorneys' hourly rates. An attorney's fee that factors in the cost of the services of paraprofessionals is recoverable under Section 440(a); however, the separate "fees" generated by those paraprofessionals cannot be the subject of a compensatory award under the plain language of Section 440(a), as they were not authorized by our General Assembly.

If this appeal presented a common law question of policy falling within the bailiwick of the judiciary, I might be inclined to join the Majority Opinion. If this Court were a legislative body engaged in debate as to the best or fairest method of compensating the prevailing party in this sort of litigation, I might be able to agree with the proposed legislation. But this Court's role is a limited one: we are left to interpret the

Court, by some inexplicable leap of logic, would deem a janitor's salary to constitute a compensable attorney's fee. I would not rely upon the logic of *Jenkins* in interpreting this workers' compensation statute.

legislation as it is enacted and it plainly does not authorize an award of fees for paraprofessional services. Accordingly, because I would affirm the decision of the Commonwealth Court finding that a worker's compensation claimant cannot recover fees generated by paraprofessionals, I respectfully dissent.