**[J-11A-2016 and J-11B-2016] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| A. SCOTT ENTERPRISES, INC., | : | No. 55 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at Nos. 2163 & |
| | : | 2289 CD 2013 dated October 21, 2014, |
| v. | : | reconsideration denied December 5, |
| | : | 2014, affirming in part and reversing in |
| | : | part the Order of the Lehigh County |
| CITY OF ALLENTOWN, | : | Court of Common Pleas, Civil Division, |
| | : | at No. 2011-C-2818 dated November |
| Appellant | : | 22, 2013, and remanding. |
| | : | |
| | : | ARGUED:  November 18, 2015 |
| | | RESUBMITTED:  January 20, 2016 |
| | | |
| A. SCOTT ENTERPRISES, INC., | : | No. 56 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 379 CD |
| | : | 2014 dated October 21, 2014, |
| v. | : | reconsideration denied December 5, |
| | : | 2014, affirming in part and reversing in |
| | : | part the Order of the Lehigh County |
| CITY OF ALLENTOWN, | : | Court of Common Pleas, Civil Division, |
| | : | at No. 2011-C-2818 opinion filed |
| Appellant | : | February 28, 2014, and remanding. |
| | : | |
| | : | ARGUED:  November 18, 2015 |
| | : | RESUBMITTED:  January 20, 2016 |


**DISSENTING OPINION**


**JUSTICE DONOHUE**                                                   **DECIDED:  July 19, 2016**

I must respectfully dissent.  I disagree with the esteemed Majority's statutory analysis, as section 3935 of the Procurement Code does not vest a trial court with the discretion to deny an award of interest penalties and attorneys' fees even where it is

proven that the government agency acted in bad faith.  More fundamentally, I am of the view that this case presents an issue arising only because the trial court erred in submitting the question of bad faith to the jury.  Whether the City of Allentown (the "City") acted in bad faith was a finding that should have been made by the trial court, not the jury.  Under section 3935, the trial court, in the exercise of its discretion based upon its review of the evidentiary record, must determine whether the City acted in bad faith and, if reaching such a finding, award interest penalties and attorneys' fees.

Chapter 39 of the Procurement Code governs contracts for public works.  It applies to "contracts entered into by a government agency through competitive sealed bidding or competitive sealed proposals[,]" and its purpose is "to establish a uniform and mandatory system governing public contracts[.]"  62 Pa.C.S.A. § 3901.  The section at issue in this appeal provides as follows:

> **(a) Penalty.--**If arbitration or a claim with the Board of Claims or a court of competent jurisdiction is commenced to recover payment due under this subchapter and it is determined that the government agency, contractor or subcontractor has failed to comply with the payment terms of this subchapter, the arbitrator, the Board of Claims or the court may award, in addition to all other damages due, a penalty equal to 1% per month of the amount that was withheld in bad faith.  An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious.  An amount shall not be deemed to have been withheld in bad faith to the extent it was withheld pursuant to section 3934 (relating to withholding of payment for good faith claims).
>
> **(b) Attorney fees.--**Notwithstanding any agreement to the contrary, the prevailing party in any proceeding to recover any payment under this subchapter may be awarded a reasonable attorney fee in an amount to be determined by the Board of Claims, court or arbitrator, together with expenses, if it is determined that the government agency, contractor or subcontractor acted in bad faith.  An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious.

62 Pa.C.S.A. § 3935.

The Majority acknowledges that the issue presented is one of statutory interpretation, and that our objective in this regard is to ascertain the intent of the General Assembly.  Majority Op. at 12-13.  To this end, the Majority also acknowledges that our task is "not so simple" as a superficial review of the specific words used, as this Court has, on some occasions, interpreted permissive language as imposing a mandatory directive.  Id. at 13-16.  As we explained in Hotel Casey Co. v. Ross, 23 A.2d 737 (Pa. 1942):

> While such words as 'authorized' and 'empowered' are usually words of permission merely and generally have that sense when used in contracts and private affairs, when they are used in statutes they are frequently mandatory and imperative.  Consequently, where a statute directs the doing of a thing for the sake of justice the word 'may' means the same thing as the word 'shall'.  The principle is thus stated in Supervisors, Rock Island Co. v. United States, 71 U.S. 435, 446, 18 L.Ed. 419:  'The conclusion to be deduced from the authorities is, that where power is given to public officers in the language of the act before us, or in equivalent language—whenever the public interest or individual rights call for its exercise—the language used, though permissive in form, is in fact peremptory.  What they are empowered to do for a third person the law requires shall be done.  The power is given, not for their benefit, but for his.  It is placed with the depositary to meet the demands of right, and to prevent a failure of justice.  It is given as a remedy to those entitled to invoke its aid, and who would otherwise be remediless.  In all such cases it is held that the intent of the legislature, which is the test, was not to devolve a mere discretion, but to impose 'a positive and absolute duty.'

Id. at 740.

As this passage in Hotel Casey indicates, ascertaining legislative intent requires an examination of the primary purpose of the statute at issue.  1 Pa.C.S.A. § 1921(c)(4); In re Carroll, 896 A.2d 566, 573 (Pa. 2006); Vitac Corp. v. Worker's Compensation Appeal Board (Rozanc), 854 A.2d 481, 485 (Pa. 2004).  Indeed, in a subsequent case

interpreting and applying the principles in Hotel Casey, this Court held that where the basic purpose of the statute requires it, "the word 'may' **must** be construed as 'shall', as mandatory rather than permissive." In re Philadelphia Parking Auth., 189 A.2d 746, 749 (Pa. 1963) (emphasis added).

Unfortunately, the Majority does not attempt to ascertain the legislature's purpose for section 3935, and instead relies exclusively on the General Assembly's use of the word "may" rather than "shall." The purpose of section 3935 is easily identified upon review of the surrounding provisions in the Procurement Code. For example, section 3932(a) provides that "[t]he government agency shall pay the contractor or design professional strictly in accordance with the contract." 62 Pa.C.S.A. § 3932(a). If the contract does not contain a term governing the time for payment, section 3932(b) provides that the contractor or design professional are entitled to progress payments, which the government agency must make within forty-five calendar days of the application for payment is received (less any retainage). 62 Pa.C.S.A. § 3932(b). Section 3934 requires government agencies to timely pay contractors for all work that has been satisfactorily completed, and permits the withholding of payments due under the contract only for deficiency items upon notice of the good faith basis for doing so within fifteen days of receipt of the application for payment.[1] 62 Pa.C.S.A. § 3934.

These provisions of the Procurement Code plainly demonstrate that the legislature's intent and purpose in enacting section 3935 is to supply an enforcement mechanism to ensure compliance with the strict payment requirements imposed in the

---

[1] Note that pursuant to section 3935(a), where notice is provided pursuant to section 3934, such amounts are deemed not to have been withheld in bad faith. 62 Pa.C.S.A. § 3935(a).

preceding provisions.[2]  In the absence of the specter of having to pay attorneys' fees and interest penalties, the multiple requirements under the Procurement Code demanding that government agencies pay on time and in accordance with contractual obligations would have no "teeth," and could fairly be ignored if useful to achieve other purposes.  *See, e.g.*, Pietrini Corp. v. Agate Const. Co., 901 A.2d 1050, 1054 (Pa. Super. 2006) (contractor's withholding of payments from subcontractor "constituted coercion, not negotiation," requiring the imposition of attorneys' fees and interest penalties under section 3935).

As both the Superior Court and the Commonwealth Court have correctly recognized, the purpose of the Procurement Code is to "level the playing field" between government agencies and contractors.  Id.; A. Scott Enterprises, Inc. v. City of Allentown, 102 A.3d 1060, 1070 (Pa. Commw. 2014).  At the same time, by setting a high evidentiary bar for such remedies (bad faith), the statute also strikes an appropriate

---

[2]  On the other hand, given the potential severity of awards under section 3935, the General Assembly also established a high evidentiary burden (proof of bad faith) for their imposition.  Under section 3935, a finding of bad faith requires proof that the withholding of payment was either done arbitrarily or vexatiously.  62 Pa.C.S.A. § 3935.  This Court has held that arbitrary conduct must be shown to be "based on random or convenient selection or choice rather than on reason or nature[,]" and vexatious conduct has "the sole purpose of causing annoyance."  Thunberg v. Strause, 682 A.2d 295, 299 (Pa. 1996).

For this reason, I reject the Majority's assertion that the language of section 512(a) of the Contractor and Subcontractor Payment Act ("CASPA") provides an apt parallel to section 3935 of the Procurement Code.  The relevant portion of section 512(a) provides that where a party has failed to comply with CASPA's payment terms, an arbitrator or court shall award an interest penalty on the amount that was "wrongfully withheld."  73 P.S. § 512(a).  Section 512(a) further provides that an amount will not be considered to have been wrongly withheld if it "bears a reasonable relation to the value of any claim held in good faith by the owner, contractor or subcontractor …."  Id.  This is a lower evidentiary obligation than is proof of bad faith under section 3935.  In addition, under CASPA, attorneys' fees are awarded to the substantially prevailing party as of right, without the need for any showing of misconduct.  73 P.S. § 512(b).

balance between discouraging arbitrary or vexatious behavior by government agencies and not penalizing them for mere mistakes or good faith disputes. Accordingly, giving the trial court (or an arbitrator or the Board of Claims, as the case may be) the discretion to refuse to impose attorneys' fees and interest penalties under section 3935, **even when** payments have been withheld in bad faith, clearly impedes, rather than advances, the purpose of the General Assembly, as it results in a statutory scheme of strict payment requirements but no effective enforcement mechanism for noncompliance.

In this regard, we must be mindful of the general command that we presume that the legislature did not intend a result that is unreasonable or absurd. 1 Pa.C.S.A. § 1922(1); Koken v. Reliance Ins. Co., 893 A.2d 70, 81 (Pa. 2006); Street Road Bar & Grille, Inc. v. Pennsylvania Liquor Control Bd., 876 A.2d 346, 353 (Pa. 2005). The text of section 3935 authorizes awards of interest penalties and attorneys' fees if the government agency withholds payments in bad faith, and to that end, describes in detail what bad faith is (withholding arbitrarily or vexatiously) and what it is not (withholding pursuant to the good faith provisions of section 3934). The text mentions no other factor to be considered in connection with such awards. Yet this Court today interprets this text to permit a trial court (or an arbitrator or the Board of Claims) to deny an award of interest penalties and attorneys' fees under section 3935 even if it has been proven that the government agency withheld payments in bad faith, apparently based upon consideration of any other factor or factors it considers relevant, including matters entirely dehors the evidentiary record. Under this statutory interpretation, section 3935 instructs that the tribunal must first decide whether the government agency acted in bad faith, but then permits this finding to be ignored entirely based upon any other factors deemed to be more significant under the circumstances presented -- none of which are

either mentioned in the statutory text or identified in the Majority's opinion.[3] The determination of whether the government agency acted in bad faith becomes, as the Commonwealth Court correctly recognized, "a meaningless exercise with no consequence for the government agency." A. Scott Enterprises, Inc., 102 A.3d at 1070. In my view, this result is unreasonable and bordering on the absurd.

I find this Court's decision in In re Farnese, 17 A.3d 357, 370 (Pa. 2011), to be instructive in interpreting the legislative intent regarding the mandatory nature of the remedies in section 3935. In that case, we held that where a statute authorizes a trial court to award costs to a prevailing party "as it deems just," such awards are not automatic and the trial court may exercise discretion in assessing whether an award is warranted. Id. In Farnese, the absence of an evidentiary standard that must be met for a statutory award led to our conclusion that the award was discretionary. Id. In contrast, section 3935 establishes a threshold evidentiary requirement for statutory awards, namely a showing of bad faith. As such, the logic of Farnese compels a conclusion that section 3935 awards are mandatory upon satisfactory proof of bad faith.

---

[3] The Majority does observe that awards under the Procurement Code "implicate the public treasury," but does not explain why this should be a relevant factor for consideration under section 3935. Majority Op. at 18. While it is of course true that the Procurement Code, of necessity, implicates the public treasury, no provision in the Procurement Code authorizes, or even implies, a government agency may ever ignore its payment obligations to private parties merely because such payments are made from the public treasury. To the contrary, as indicated hereinabove, the Procurement Code plainly states, in no uncertain terms, that "[t]he government agency shall pay the contractor or design professional strictly in accordance with the contract." 62 Pa.C.S.A. § 3932(a). Where a government agency fails to do so, and that failure is proven to have been in bad faith, section 3935 must result in the imposition of attorneys' fees and interest penalties. The fact that public funds are at issue is taken into account by the higher evidentiary standard of proof of bad faith to support the award of interest penalties and attorneys' fees.

Finally, in my view, the issue of statutory construction currently before the Court arises only because of a clear error by the trial court, namely, its submission to the jury the question of whether the City acted in bad faith. Section 3935 delineates the entities tasked with determining whether a plaintiff has established bad faith, and those entities are an arbitrator, the Board of Claims, or "the court." *See* 62 Pa.C.S.A. § 3935. No language in section 3935 states, or even suggests, that juries can or should play any role in this process. This Court has ruled that when used in statutes, the word "court" is synonymous with "judge" and cannot be broadly construed to include "jury." Mishoe v. Erie Ins. Co., 824 A.2d 1153, 1157-58 (Pa. 2003); *see also* Wertz v. Chapman Township, 741 A.2d 1272, 1274 (Pa. 1999) ("[T]he General Assembly's use of the term 'court' in the statute is significant. … This is strong evidence … that the tribunal, rather than a jury, … is to make findings and provide relief.").

Moreover, the awards under section 3935 are available only by statute, not at common law, and thus no right to a jury trial exists to secure their recovery. *See* Mishoe, 824 A.2d at 1160 (stating that the right to trial by jury extends only to the causes of actions that existed at common law the time of the Pennsylvania Constitution's adoption). Analogous parallels in this regard to section 3935 are sections 2503(7) and 2503(9) of the Judicial Code, which empower courts to award attorneys' fees if a party's conduct during the pendency of a case is vexatious, obdurate or dilatory, 42 Pa.C.S.A. § 2503(7), or if a party's conduct in commencing an action is "arbitrary, vexatious, or in bad faith," 42 Pa.C.S.A. § 2503(9). In Township of South Strabane v. Piechnick, 686 A.2d 1297 (Pa. 1996), this Court determined that the decision to award attorneys' fees under section 2503(7) requires a finding by the trial court of vexatious, obdurate or dilatory conduct. Id. at 1301. Similarly, in Slappo v. Development Associates, Inc., 791 A.2d 409 (Pa. Super. 2002), the Superior Court

concluded that the trial court erred in submitting the issue of an award of attorneys' fees under section 2503(9) to the jury for its consideration.  Id. at 416.

Absent the clear error by the trial court in this case, over the City's repeated objections,[4] of submitting the issue of bad faith to the jury, the current dilemma over whether the trial court had the discretion to refuse to impose interest penalties and attorneys' fees never arises.  Indeed, I do not read the trial court's opinion to relate that it decided not to award statutory remedies even though the City had acted in bad faith.  Instead, the trial court declined to impose interest penalties and attorneys' fees because it disagreed with the jury's finding of bad faith, as it did not consider the conflicting evidence to establish that the City had in fact acted arbitrarily or vexatiously.  Trial Court Opinion, 2/28/2014, at 33.  Section 3935 plainly confers discretion on the trial court, but the discretion conferred is to decide, based upon its review of the evidentiary record, whether the government agency acted in bad faith in withholding payments due and owing.  If and when the trial court determines that the government agency acted in bad faith, it must then award interest penalties and attorneys' fees as specified in section 3935, as the statute identifies no other factors to be considered before doing so.

For these reasons, I respectfully dissent.

---

[4]  *See, e.g.*, N.T., 1/22/2013, 879, 883, 1302-13; City's Reply Brief at 2-3.