J-S11025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES FINK | |
| Appellant | No. 2302 EDA 2016 |

Appeal from the PCRA Order entered June 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0607321-2003

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 11, 2018**

Appellant, James Fink, appeals *pro se* from the June 16, 2016 order of the Court of Common Pleas of Philadelphia County, dismissing his third petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the factual and procedural background as follows:

> Following a bench trial before the Honorable Leslie Fleisher on August 8, 2003, [Appellant] was found guilty of aggravated assault, recklessly endangering another person, and criminal conspiracy.  [Appellant] was not found guilty of possessing instruments of a crime.  The Commonwealth presented evidence that on the evening of June 18, 2002, [Appellant] severely beat the victim, William Cedotal, inside a Philadelphia bar.  The victim suffered injuries including a broken nose, sprained ribs, and two black eyes.  On September 19, 2003, [Appellant] was sentenced to 25 to 50 years' imprisonment for aggravated assault under Pennsylvania's "three strikes"[, 42 Pa.C.S.A. § 9714(a)(2)].

No sentence was imposed on the remaining charges. On September 27, 2003, [Appellant] filed a post-sentence motion[,] which was denied before Judge Fleisher on January 6, 2004. [Appellant] then filed a timely notice of appeal to the Superior Court on January 20, 2004; however, on February 9, 2005, it was discontinued and withdrawn at [Appellant]'s request.

On March 11, 2005, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and filed an amended petition on [Appellant]'s behalf on July 21, 2005. An evidentiary hearing was held on October 12, 2005. During the evidentiary hearing, both [Appellant] and trial counsel [] testified. Judge Fleisher found that trial counsel was ineffective and granted [Appellant] a new trial. The Commonwealth filed a timely notice of appeal on November 14, 2005. The Superior Court of Pennsylvania reversed the lower court's order granting a new trial on September 17, 2007. The Pennsylvania Supreme Court denied allowance of appeal on November 19, 2008.

On December 2, 2009, [Appellant] filed his second counseled PCRA petition. The PCRA court heard arguments on August 3, 2010, and formally dismissed the petition on October 12, 2010. [Appellant] filed an appeal to the Pennsylvania [Superior] Court on November 2, 2010. On December 6, 2010, [Appellant] filed a petition to remove counsel and proceed *pro se*. On February 28, 2011, the PCRA court held a hearing to determine if [Appellant] was waiving "his right to counsel" knowingly and intelligently pursuant to **Commonwealth v Grazier**, 713 A.2d 81 (Pa. 1998). The PCRA court permitted [Appellant] to continue his appeal *pro se* but ordered the Defender Association of Philadelphia to serve as "back-up" counsel. On December 31, 2012, the Superior Court of Pennsylvania affirmed the dismissal.

Based on claims of an illegal sentence, newly discovered evidence, and ineffective assistance of counsel, [Appellant] filed the instant PCRA petition, his third, on August 19, 2013. After conducting an extensive and exhaustive review of the record and applicable case law, this court found the petition to be untimely without exception. On April 11, 2016, pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served with notice of the court's intention to dismiss his PCRA petition. On April 29, 2016, [Appellant] filed a response to the [Rule] 907 notice of intent to dismiss. Thereafter, the court formally dismissed [Appellant]'s PCRA petition as untimely by order dated June 16, 2016. The

instant appeal was timely filed to the Superior Court on July 12, 2016.

PCRA Court Opinion, 12/9/16, at 1-3 (footnotes omitted)

On appeal, Appellant raises several claims for our review, offering several explanations in support of their timeliness. For the reasons explained below, Appellant is entitled to no relief.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[1] "The PCRA's time restrictions are jurisdictional in nature. Thus, "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the

_____

[1] Appellant's judgment of sentence became final on February 9, 2005, the date he withdrew his direct appeal. **See Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (stating that the judgment of sentence becomes final for PCRA purposes when direct appeal is discontinued voluntarily, citing **Commonwealth v. Conway**, 706 A.2d 1243 (Pa. Super 1997)). Appellant had one year from that date to file a timely PCRA petition. The instant petition was filed on August 19, 2013, more than eight years after Appellant's judgment of sentence became final. Accordingly, the instant petition is untimely unless he pleads and proves that it fell within one of the exceptions to the PCRA's timeliness requirements. As explained *infra*, Appellant failed to do so.

substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady***[2] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (1999)).

First, Appellant argues he received ineffective assistance from his first PCRA counsel. Appellant argues that PCRA counsel was ineffective for not confronting trial counsel regarding a statement trial counsel made at the first PCRA hearing.[3] Appellant argues he timely filed his current petition upon learning of PCRA counsel's error.[4] "Appellant's attempt to interweave

---

[2] ***Brady v. Maryland***, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[3] Apparently, there was a written statement in the record regarding trial counsel's experience in handling "third strikes" cases that was inconsistent with his testimony at the PCRA hearing.

[4] Appellant alleges he learned of the PCRA counsel ineffective assistance on July 10, 2013, approximately eight years after his judgment of sentence became final. PCRA Court Opinion, 12/9/16, at 3.

concepts of ineffective assistance of counsel and after-discovered evidence as a means of establishing jurisdiction is unconvincing." ***Commonwealth v. Gamboa-Taylor***, 754 A.2d 780, 785 (Pa. 2000). "[W]e have previously rejected attempts to circumvent the timeliness requirements of the PCRA by asserting prior counsel's ineffectiveness for failing timely to raise a claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013); ***see also Gamboa-Taylor***, ***supra*** ("Fact" that current counsel discovered that prior PCRA counsel had failed to develop issue of trial counsel's ineffectiveness was not after-discovered evidence qualifying for exception to PCRA time limitations); ***Commonwealth v. Pursell***, 749 A.2d 911, 915 (Pa. 2000) (holding that claims of PCRA counsel's ineffectiveness do not escape the PCRA one-year time limitation merely because they are presented in terms of current counsel's discovery of the "fact" that a previous attorney was ineffective). This claim is therefore untimely. As such, we cannot review it.[5]

Appellant next alleges that his sentence was illegal because the "third strike" enhancement should not have been applied. Appellant is fully aware that all claims, including claims of illegality, must be timely raised to trigger

_____

[5] Appellant also raises additional claims of ineffective assistance of counsel. Appellant claims that trial counsel was ineffective because he "never took time to research the three strike statute prior to the sentencing." Appellant's Brief at 12. In the same vein, Appellant alleges prior PCRA counsel were also ineffective for several reasons, all related to the alleged failure to challenge the legality of his sentence. As for the claim of ineffective assistance of counsel addressed above in the main text, we similarly conclude that couching the above claims in terms of ineffectiveness would not save an otherwise untimely petition from the application of the time restrictions of the PCRA. ***See***, ***e.g., Edmiston, supra***.

our courts' jurisdiction. To overcome the facial untimeliness of the instant PCRA petition, Appellant claims that the instant petition (his third) should be treated as an "extension" of his first PCRA petition because some of the issues raised in his first petition had not been decided. To this end, Appellant relies on the authority of the Supreme Court's decision in **Commonwealth v. Renchenski**, 52 A.3d 251 (Pa. 2012) "citing Com v. Flanagan, 854 A.2d 488, 499 (2004), 'For the proposition that since the original petition never was with-drawn or dismissed, amended pcra was not subject to the one-year time limitation, even though amendment was filed ten (10) years after original petition.'" Appellant's Brief at 8.

A review of the Supreme Court's decision in **Renchenski** quickly dispels any doubt as to the lack of merit of the instant argument. What Appellant purports to represent as the holding of the Supreme Court in **Renchenski** is nothing other than the Supreme Court's summary of the prior procedural history of the case, including a reference to our unpublished memorandum which we relied on in **Flanagan.**

In any event, **Renchenski** is inapposite. In **Renchenski** our Supreme Court affirmed the dismissal of an amended PCRA petition filed nineteen years after the trial. The case involved the application of the delay in filing exception under Section 9543(b). There is no indication in the record that either the Commonwealth or the PCRA court relied on that exception for purposes of disposing of the instant petition.

To the extent that Appellant argues his claim—as originally articulated in his first PCRA—had not been disposed by the PCRA court, we note that "[s]uch an allegation, however, does not entitle him to equitable tolling of the PCRA's jurisdictional time limit." *Commonwealth v. Abu–Jamal*, 833 A.2d 724, 727 (Pa. 2003) (relying on *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999)).[6] In light of the foregoing, we conclude that Appellant failed to prove that his illegality of sentence claim has been timely raised.

Finally, Appellant claims the instant PCRA petition is timely under 42 Pa. C.S.A. § 9545(b)(1)(iii), in light of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and *Miller v. Alabama*, 132 S.Ct. 2455 (2012).[7] We have repeatedly held that *Miller* does not apply to defendants who were eighteen or older when they committed murders. *See*, *e.g.*, *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016). It is uncontested that Appellant was an adult

---

[6] In *Abu-Jamal*, appellant, *inter alia*, argued that the PCRA court should have treated "his second petition as an extension of his timely first one, because the same allegedly biased judge who presided at trial refused to recuse himself from hearing the first petition. Thus, appellant argue[d] his claim of judicial bias has never been examined by an impartial member of the judiciary." *Abu-Jamal*, 833 A.2d at 727. As noted above, our Supreme Court rejected the argument, noting that "[s]uch an allegation, however, does not entitle him to equitable tolling of the PCRA's jurisdictional time limit." *Id.*

[7] In *Miller*, the U.S. Supreme Court held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 132 S.Ct. at 2460 (emphasis added). In *Montgomery*, the Unites States Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

at the time of the underlying crimes. Additionally, Appellant was not sentenced to life without parole. Accordingly, Appellant has no claim under *Miller*. *See Commonwealth v. Montgomery*, 181 A.3d 359, 366-67 (Pa. Super. March 14, 2018) (*en banc*). Because Appellant has no claim under *Miller*, the United States Supreme Court decision in *Montgomery* does not affect the timeliness of this matter.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/18